## NELLIS vs. DE FOREST.

16b 61
35ap 23

Where a complaint alleged that on, &c. *in consideration* that one L. (the plaintiff's assignor) had theretofore agreed to purchase a quantity of furniture on which the defendant represented that he held a policy of insurance, and in further *consideration* that L. *then and there agreed* to pay, when requested, the premium on the policy, he, the defendant, then and there *promised* L. that before completing the purchase of the goods and furniture, he would procure the assent of the insurer, and would assign the policy to L. *Held*, on demurrer, that this amounted to a statement of mutual promises, as the consideration of the defendant's promise—the promises being laid as concurrent acts; and that this constituted a good consideration.

*Held also,* that the promise laid was valid and binding in other respects, and that the additional executed promise—viz. that L. had previously agreed to purchase the furniture—stated, as a part of the consideration, did not vitiate the consideration arising upon the mutual promises.

*Held further,* that it sufficiently appeared from the complaint, that the policy was *then held* by the defendant; that it was made out to him; and that the promise was that the defendant would assign it to L. after L. should by an actual transfer of the property, have an insurable interest therein, and would procure the assent of the insurers to such assignment.

A pleading which, in setting forth an agreement respecting a policy of insurance, states the names of the insurers and the insured, that it is an insurance on the furniture in D.'s tavern in N. and that it was given for $1000, describes the same with sufficient accuracy; especially if the policy is not in the plaintiff's possession, but in the hands of the defendant.

THIS was an appeal by the defendant from a decision made at a special term, upon demurrer to the complaint. The justice, at the special term, allowed the demurrer as to the first two counts of the complaint, and overruled it as to the last two. The following opinion was given, on deciding the cause at the special term.

W. F. ALLEN, J. The question presented in this action was upon demurrer to the complaint, which consists of four counts, or purports to set forth four distinct causes of action. The first two and the last two are substantially alike; the first two being substantially a complaint for an omission to procure certain property of the plaintiff to be insured, in pursuance of an agreement to that effect, and the last upon an agreement to assign to the plaintiff a

Nellis v. De Forest.

policy of insurance held by the defendant upon property which he had agreed to sell and deliver to the plaintiff; and the principal if not the only question upon either branch of the complaint, is, as to the sufficiency of the consideration alleged for the defendant's undertaking. The consideration alleged in each class of counts, is substantially the same, and is two-fold. The first consideration alleged, is, that one David E. Lawrence, (the plaintiff's assignor,) had theretofore agreed to purchase of the defendant the household furniture and goods which were to be insured. So far as this purchase enters into and forms a part of the transaction, it was a past consideration, complete and consummated, not made at the request of the defendant, and with which the agreement to effect the insurance had no connection. It cannot support the subsequent independent promise to procure an insurance upon the property sold. To this point the authorities are full and explicit.

The second and further consideration is the promise of Lawrence that he would pay upon request the premium price of insuring the said goods. This promise was made at the time of the promise to procure the insurance as alleged in the first and second counts, and to assign the policy alleged in the third and fourth counts; and the promises on either side are alleged as mutual promises, and it is claimed that as such they support each other. The principle is well settled that mutual promises, when obligatory, may support each other as executed considerations. But the promise of the plaintiff's assignor as alleged in the first counts, was not a promise for the benefit of the defendant, or from which he could draw any advantage. It was simply an undertaking to repay money which the defendant sought to advance for him upon his request, without profit or consideration to him, and is precisely the promise which the law would imply from a mutual request; and the undertaking of the defendant was voluntary and gratuitous. The leading case of *Thorne* v. *Deas,* (4 *John.* 84,) and the principles upon which it was decided, are decisive of the question upon the demurrer to the first and second counts of this complaint. There, one partner promised his copartner to procure the joint property to be insured, and omitted

Nellis v. De Forest.

to do so, and the property was lost; and the court held that it was a nude pact upon which no action lay. In that case the law would imply what occured in this case, a promise to repay the premium, and as in that case the defendant was entitled to no compensation or brokerage for procuring the insurance, the court held there was no consideration. The rule, with its reasons and the decisions upon which it was based, is elaborately discussed, as well by the counsel as by the Chief Justice, Kent, in an elaborate opinion. In that case, had the defendant effected an insurance upon the property, the plaintiff would have been legally bound to pay his proportion of the premium. The same and no greater liability on the part of the plaintiff, or his assignor, exists, or would have existed in this case; and there is the same want of consideration here as there was in the case referred to. (*And see Kelson* v. *Crueller*, 1 *Esp. Rep.* 75.)

The first and second counts do not, therefore, set forth a good cause of action. But it is somewhat different in respect to the 3d and 4th counts. In them it is alleged, in substance, that the defendant, having a policy of insurance upon the goods which he had agreed to sell and deliver to the plaintiff's assignor, it was mutually agreed between the parties, that the plaintiff's assignor should, upon request, pay to the defendant the premium or price of the insurance; and that the defendant should procure the assent of the company to the assignment or transfer of the policy to the plaintiff's assignor. This was but an agreement for the sale of an existing policy then owned by the defendant, upon and for which he had paid the premium; which, after the sale of the goods, would be of no value to him, but upon a transfer to Lawrence with the assent of the company, would be valuable to him. It was a mutual agreement for the transfer of a policy of insurance upon one side, and to pay the value upon the other; it is like an agreement for the sale of property, and the promise to pay is a sufficient consideration to support a promise to deliver the property.

Several objections were taken to this part of the complaint, which will be briefly noticed. The first is unfounded in fact, viz: 1st. That the agreement is alleged to have been in the alterna-

Nellis v. De Forest.

tive to assign the policy or do whatever else should be needful. The agreement is, that he was to assign, *and* do whatever else was necessary to make it effectual. This is a proper agreement, and when the question upon the performance arises, the acts necessary to be done will be a subject of inquiry, but not now. Second. The policy is sufficiently described. 1st. The particular description of the policy is not material, and even if the plaintiff had it in possession, a copy would unnecessarily and improperly have encumbered the pleadings, to set it forth and describe it particularly. 2d. The policy being in the possession of the defendant, its particular description was better known to him than to the plaintiff. 3d. That the defendant had a policy was known to the plaintiff by the representations of the defendant, and that representation is stated and the agreement founded thereon, and this is sufficient : it would be sufficient in proof, and it must be sufficient in pleading. The fourth count differs slightly from the third, but in a manner not to vary the result; a good and valid promise is set forth, and that is sufficient for the purpose of this demurrer.

It will not be intended that the policy was to be assigned to take effect in the plaintiff's assignor before, by an actual transfer of the property, he should have an insurable interest in the property. The points made therefore, upon this part of the case, need not be further noticed. Giving the complaint the benefit of every reasonable intendment, (*Code,* § 159,) the agreement as alleged must be held to be that the vesting of a title to the property, and the actual vesting of interest on the policy in the plaintiff's assignor, were to be simultaneous. Judgment must be given for the defendant upon the demurrer to the two first counts of the complaint, and for the plaintiff upon the two last, with liberty to the plaintiff to amend, and to the defendant to answer on payment of costs.

The appeal was argued by

*Jno. Ruger,* for the appellant.

*J. W. Flandreau,* for the respondent.

Nellis *v.* De Forest.

*By the Court*, GRIDLEY, J. The appeal in this cause only draws in question the decision of the court at the special term, in overruling the demurrer to the third and fourth causes of action set up in the complaint. I propose to add but few remarks to the well considered opinion of Justice Allen, delivered at the special term.

It is proper to observe that the demurrer was interposed under the sixth ground stated in the subdivision of section 144 of the code; and was by its very terms confined to the specifications set forth in the pleading. The defendant demurred to the third alleged cause of action, in the complaint, on the ground " that the facts therein stated, are not sufficient to constitute a cause of action, *in this*; *First*, that there is no sufficient consideration therein stated to support the promises therein set forth, &c. *Second*, that the promises therein alleged are otherwise void," &c. &c. Now, whether a general demurrer, on the ground that the count did not state facts sufficient to constitute a cause of action, would have been good without any further specification, or not, becomes immaterial; for the defendant, by the express terms of the demurrer, limits his objections to the insufficiency of the facts, in the several respects indicated by the specifications. The demurer is so framed as to exclude all other grounds of objection than those which are particularly set forth.

(1.) The first objection is, that there is no sufficient consideration set up in the count; and this *cause of demurrer* is common to the third and fourth counts. The complaint alleges that on the 30th of March, 1849, *in consideration*, that one Lawrence had theretofore agreed to purchase a quantity of furniture on which the defendant represented that he held a policy of insurance; and in further *consideration* that Lawrence *then and there agreed* to pay, when requested, the premium on the policy, he, the defendant then and there *promised* the said Lawrence, that, before completing the purchase of the goods, and furniture, he would procure the assent of the insurer, and would assign the policy, &c. Now this is a very plain statement of mutual promises, as the consideration of the defendant's promise. The promises are laid as concurrent acts, and no reason is perceived

why this does not constitute a good consideration. (1 *Ch. Pl.* 297, *2d Am. ed. from 2d London ed.*) The additional executed promise which is stated as a part of the consideration, and alleged to have been previously made, does not vitiate the consideration arising upon mutual promises. Mr. Chitty says "that where one of several considerations is frivolous and void, it is sufficient to notice only the valid consideration, *though if stated it will not vitiate the declaration.*" It was said, on the argument that the count did not allege, with sufficient certainty, that the policy of insurance was obtained by the defendant, and was held by him at the time of the promise; and that it was uncertain whether the premium was to be paid to the defendant, or to the insurance company. We think, however, that it sufficiently appears that the policy was *then held* by the defendant; that it was made out to him; and that the promise was that the defendant would assign it to Lawrence and would procure the assent of the company to such assignment. These allegations are utterly inconsistent with the hypothesis that the defendant was to procure a new policy to be made out to Lawrence or to himself; and then that he should assign it to Lawrence. There is no longer any special demurrer for uncertainty, but the allegations of a pleading are to be liberally construed, with a view to substantial justice between the parties. (*Code,* § 159.)

(2.) The second specification in the demurrer is that the promises are otherwise void. The ground of this criticism is, that the true construction of the pleading is, that the defendant was to go to the company and take out a new policy in the name of the contracting party Lawrence; and that even if the defendant was to be taken to contract concerning a policy that he then held, it was not expressly averred that he had paid the premium on it; so that the promise of Lawrence, to pay the premium, would only be a promise to pay the premium to the company, or to the defendant; that he might pay it over to the company, and of course the promise of Lawrence not being *beneficial* to the defendant, would furnish no sufficient consideration for the defendant's promise. But it seems to me that we are to take judicial notice of public statutes; and we therefore

Nellis *v.* De Forest.

may presume that a man who has taken a policy of insurance on his furniture, has paid the premium, and given a premium note; and when he sells the furniture, and assigns the policy, the purchaser pays the premium to him. The section of the code just quoted warrants and requires such a construction. Again, it is said that the defendant's promise is void, because, if not performed, when the furniture was delivered, it must have been waived. But that objection is removed, when we see by the subsequent allegations why the performance was not then insisted on; or rather, that the delivery of the paper was not made personally to Lawrence. The defendant might have delivered it to a third person for Lawrence, to take effect on the delivery of the furniture. And therefore the objection must be abandoned by the defendant unless it be supposed that the assignment was to be made to Mr. Lawrence, before he had an insurable interest; an objection that Justice Allen has fully answered.

(3.) The next objection is that the policy is not described with sufficient accuracy, and that it involves a question of law. If the description is so uncertain as to be void, then the demurrer is well taken, not otherwise. But it is certain enough. It states the names of the insurer and the insured—that it is an insurance on the furniture in the defendant's tavern in Norwich, and that it was given for $1000. This, when it is considered that the defendant had it in his possession, and the plaintiff had not, is sufficient.

4.) There is one general ground of demurrer to the entire complaint, for the alleged joinder of incompatible causes of action. This objection is not well founded in fact. The fourth count, if true, shows that the pleader *might have* complained in fraud. But he did not. All the counts have the unmistakable characteristics of an action on promises.

On the whole I am led to the same conclusion with the justice, who decided this demurrer at special term, that the grounds pointed out by the demurrer as objections to the complaint are none of them tenable; and that the demurrer must be overruled. The pleading is certainly not drawn with much skill or

technical accuracy; but it is not open on this argument to any of the objections specified in the demurrer.

Judgment affirmed, but leave is given to the defendant to withdraw his demurrer, and plead, on payment of the costs ordered at special term, and the costs of the appeal.

Judgment affirmed.

[ONEIDA GENERAL TERM, January 5, 1852. *Gridley, Pratt, W. F. Allen* and *Hubbard*, Justices.]