RICHARD CARTER, APPELLANT, v. JULIA L. DE CAMP, FLORENCE L. MERRIAM AND MARY FISHER, RESPONDENTS.

*Demurrer — can only be sustained for a defect specially stated in the demurrer.*

The defendants demurred to the complaint, specifying as the sole ground thereof that an equitable cause of action triable by the court, and a legal cause of action triable before a jury, were united. The Special Term sustained the demurrer upon the ground that a cause of action for an injury to real estate, and a cause of action for the conversion of personal property, could not be united although both causes of action arise out of the same transaction.

*Held,* that as the defect specified in the demurrer was not a ground of demurrer, the court should have overruled it.

That it could not sustain it because of another defect in the complaint not specified in the demurrer.

*Quære,* as to whether the defect specified by the Special Term was a demurrable one.

APPEAL from an interlocutory judgment, entered upon an order sustaining a demurrer to the complaint, and from a final judgment entered in Lewis county dismissing the complaint.

*Gurdon G. Shrauder,* for the appellant.

*C. D. Adams,* for the respondents.

FOLLETT, J. :

"The demurrer must distinctly specify the objections to the complaint." (Code Civ. Pro., § 490.) In considering a demurrer the court is confined to the grounds specified in it, and a demurrer cannot be sustained upon unspecified demurrable defects appearing upon the face of the complaint. (*Berney* v. *Drexel,* 33 Hun, 419; *Nellis* v. *De Forest,* 16 Barb., 61, 65; 2 Wait's Pr., 454; Boone's Code Plead., § 44.) In *Nellis* v. *De Forest* (*supra*), it was held that a demurrer on the ground that the facts stated are insufficient to constitute a cause of action for certain specified reasons, excludes from consideration all other grounds of demurrer arising out of the insufficiency of the facts pleaded. The sole defect in the complaint specified in the demurrer is, that an equitable cause of action, triable by the court, and a legal cause of action, triable before a jury, are united, which is not a ground for demurring. (Code Civ. Pro.,

§ 484; *Bradley* v. *Aldrich*, 40 N. Y., 504, 512; *Lattin* v. *McCarty*, 41 id., 107; *Sternberger* v. *McGovern*, 56 id., 12.) The Special Term sustained the demurrer upon the ground that a cause of action for an injury to real estate, and a cause of action for conversion of personal property, cannot be united, though both causes of action arise out of the same transaction. Assuming this to be a demurrable defect, which is not considered (*Colton* v. *Jones*, 7 Robt., 165; *Polley* v. *Wilkisson*, 5 Civil Pro. R., 135), it was not raised by this demurrer.

The demurrer might as well have been sustained upon the unspecified ground that inconsistent causes of action are united, the first count alleging a cause of action arising upon defendants' breach of contract, to leave as many and as valuable logs as they floated away prior to May twenty-fifth, and the second count alleging a cause of action for converting the same logs and other logs floated away after May twenty-fifth.

The interlocutory judgment sustaining the demurrer and granting plaintiff leave to plead anew within twenty days upon paying costs, was entered November 11, 1885, and the plaintiff appealed therefrom November 30, 1885. An interlocutory judgment sustaining or overruling a demurrer is appealable to the General Term. (Code Civ. Pro., § 1349; *Cambridge Valley Nat. Bank* v. *Lynch*, 76 N. Y., 514.) December 24, 1885, defendants filed with the clerk an affidavit stating that more than twenty days had elapsed since the entry and service of the interlocutory judgment, and that the plaintiff had not paid costs, and thereupon a final judgment was entered dismissing the complaint, with costs, from which the plaintiff also appeals, claiming that it was irregularly entered. The record does not disclose whether the defendants' proceedings were stayed pending the appeal from the interlocutory·judgment, nor that a motion to vacate the final judgment for irregularity has been made. But the question is of no moment, as the final judgment falls with the interlocutory judgment, which is reversed, and, as both parties have slipped in their practice, without costs to either party.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment reversed, without costs to either party, and demurrer overruled, with leave to defendants to answer in twenty days.