## WOOD v. KNIGHT.

(Supreme Court, Appellate Division, Third Department. November 16, 1898.)

1. CONTRACTS—PLEADING—CONSIDERATION.
    When the instrument sued on is set out in the complaint, and shows a consideration on its face, none other need be pleaded.

2. SAME.
    A contract for the payment of money, providing that "all former agreements, both written and verbal, between [the parties],—particularly agreement of April, 1894,—are hereby rendered null and void," and signed by both parties, imports a consideration, in the mutual promise to cancel the former agreements.

Appeal from special term, Chenango county.

Action by Jesse M. Wood, Jr., against Herbert Knight. From an interlocutory judgment on demurrer, defendant appealed. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Alexander & Colby, for appellant.
Bixby & Brown, for respondent.

PARKER, P. J. Without considering any other reasons, it seems to me that this judgment must be sustained on the reasons given

by the court below. When a copy of the instrument sued upon is set forth in the complaint, and that instrument on its face shows the existence of a valid consideration, no other averment of a consideration need be found in the complaint. Prindle v. Carruthers, 15 N. Y. 426. In a complaint, that is deemed averred which by reasonable and fair intendment can be implied from the facts therein stated. Marie v. Garrison, 83 N. Y. 23. The instrument in question, after several direct promises on the part of the defendant, Knight, to pay the plaintiff, Wood, certain sums of money at specified dates, concludes as follows:

"All former agreements, both written and verbal, between said Knight and said Wood,—particularly agreement of April, 1894,—are hereby rendered null and void, and of no effect whatsoever."

It is then signed by each of the parties.

It is quite true that the instrument does not say what the agreements so rendered null and void were. It does not, in terms, appear that, by the discharge of any such agreement, Knight was relieved from any burden, or was in any way advantaged thereby. Nor does it appear, in terms, that any disadvantage thereby accrued to Wood. But it must be noticed that Wood signs the instrument, as well as Knight; and that fact, on the face of the paper, imports a promise of some sort on his part. Evidently, by his signing the parties understood that he was promising something; and, as there is therein no obligation particularly specified as being assumed by him, the fair and reasonable inference is that the agreements released, or at least some of them, were obligations due to him from Knight, and which his signature was required to discharge. A reasonable construction of the paper imports mutual obligations assumed and mutual promises made. And, if mutual promises exist therein, a sufficient consideration appears on the paper itself. Nellis v. De Forest, 16 Barb. 61, 65. If there is a consideration apparent for the contract set forth, then whether there are or not averments sufficient to warrant a recovery for so much as rests upon the guaranty of the defendant is not important upon the consideration of this demurrer. A cause of action for the other obligations assumed by the defendant in the contract being sufficiently averred, the complaint was not subject to a demurrer on the ground that it does not state facts sufficient to constitute a cause of action.

The interlocutory judgment appealed from should be affirmed, with costs, and with leave to the defendant to answer over within 20 days after the entry and notice of this judgment, and upon payment of the costs. All concur.