## CAROLEE v. HANDELIS.

As a general rule, equity will not decree specific performance of contracts relating to personal property. In order to sustain a bill for the specific performance of such a contract, it is necessary to allege some good reason in equity and good conscience to take the case out of the general rule above stated. In the present case no such reason was alleged or proved.

Argued December 13, 1897.— Decided January 20, 1898.

Petition for specific performance. Before Judge Lumpkin. Fulton superior court. March term, 1897.

According to the plaintiff's contention, the parties had been partners in a fruit and confectionery business, and in July, 1895, the plaintiff sold his interest in the business to the defendant for $500, the latter contracting to sell the entire business to the plaintiff at any time in January, 1896, after fifteen days notice, for $100 less than its value; and in January, 1896, the plaintiff gave notice, and an inventory and appraisement were made, and he tendered to the defendant the value of the business, but the defendant, without reason, refused to transfer the business to him. The jury found for the plaintiff, and that he was entitled to specific performance. The defendant moved for a new trial, which was granted, and the plaintiff excepted. The judge's order sustaining the motion was as follows: "I feel constrained to grant a new trial in this case. I do so on specific grounds, however, and not on general or discretionary grounds. The contract was a sale of an interest in personalty, with an agreement for a resale to the vendor for $100 less than the value of the property to be sold. There was no interest or title [in] the person to whom the resale was to be made. Section 3188 of the Code of 1882 did not apply. In fact, under a careful review of the case, I am unable to see how specific performance could be granted. A fruit-stand varying in specific merchandise, with no fixed value, is at best a difficult thing to make subject to such a decree, certainly unless the defendant were insolvent as to the $100. Plaintiff's counsel announced that he proceeded for specific performance, and desired no instruction to the jury as to damages. Suppose the stand etc., at the time of the tender, to have been worth $550, and at the time of the trial the fruit etc. on hand to have been worth $1,000;

must this be transferred for $550, or must the tender be changed? I put my decision on grounds 12, 13 and 22." These grounds set forth that the court erred in charging the jury in the language of the Civil Code, §§ 4036, 4038, and as follows: "If a contract is made by one to sell personal property to another, and the person contracting to sell violates his contract and refuses to make the sale, unless there be additional equitable reasons, specific performance would not be an appropriate remedy, but a suit for damages for a breach of the contract. But if there are good reasons in equity and good conscience why a suit for damages would not give relief, then the plaintiff may proceed for specific performance. Generally, I say, in cases of personal property, the remedy by suit for damages stands in lieu or in place of a proceeding for specific performance; but the principle which I have announced to you touching when specific performance of a contract will be decreed generally, is applicable; and if it would be a fraud upon the purchaser, and he have no other remedy, the mere fact that the property is personalty will not alone be sufficient to defeat this remedy." Also, that the court erred in refusing to charge, that under the evidence the case was not one for specific performance, and that the jury should find a verdict for the defendant.

*William T. Moyers*, for plaintiff.
*Van Epps & Leftwich*, for defendant.

SIMMONS, C. J. The facts appear in the official report. From these facts it will be seen that this was an effort on the part of the plaintiff in error to have specific performance decreed of a contract for the sale of personal property. Section 4036 of the Civil Code declares that "Specific performance of a contract (if within the power of the party) will be decreed, generally, whenever the damages recoverable at law would not be an adequate compensation for the non-performance." As a general rule, a court of equity will not decree specific performance of a contract relating to personal property, for the reason that, genererally, in a suit at law for damages, adequate compensation can be awarded for the violation of such contract. Where breach of the contract can not be adequately compensated at

law, a court of equity will as readily decree specific performance of a contract relating to personal property as it would if the contract related to realty. But in order to obtain this aid from a court of equity, where the contract sought to be enforced is one relating to personal property, the plaintiff must show some good reason in equity and good conscience to take the case out of the general rule. He must allege some element or feature of the contract, or in the conduct of the defendant, to show that the relief at law would not be adequate. He may show that in case the contract is not specifically performed his damages will be irreparable, or he may show that the measure of damages resulting from the non-performance of the contract is uncertain or difficult of ascertainment. He may show that the thing contracted for has some intrinsic or special value, such as is possessed by an heirloom, having a special and peculiar value to its owner over and above any market value that can be placed upon it in accordance with strict legal rules; or he may show that the property, though personal, is not of a common class, but is unique of its kind, and can not be readily reproduced, so that others of a similar nature and equal value can not be procured by damages assessed by means of legal rules, as is the case with paintings or other works of art. Pom. Spec. Perf. 14.

The petition in the case under consideration does not allege any of these reasons, or any other reason why in equity and good conscience this particular contract should be specifically performed. There is nothing alleged to show that adequate compensation for the violation of the contract could not be awarded in an action at law for damages. It is true that it is alleged that the good will of the business was to be transferred to petitioner by defendant, but it is well settled that equity will not decree specific performance of a contract for good will alone. A court of equity can decree specific performance of a contract for the sale of good will of a business only where such good will is connected with certain premises which must, in the contract, accompany the good will. It is not alleged or proved in this case that the premises or locality where the fruit-stand was kept were to be purchased by the plaintiff. More-

over, it appears from the record that a large portion of the property purchased consisted of fruit and other articles perishable in their nature. It is difficult to see how a court of equity could decree specific performance of this contract and compel the defendant to deliver to the plaintiff fruit which was on hand at the time of the tender of the purchase-price, and which, if kept, would have rotted and decayed months before the decree. It is well settled that a court of equity will not render a decree which is impossible of performance, or which the court has not power to enforce. On the subject above treated, see 22 Am. & Eng. Enc. L. 989 et seq.; Cohn *v.* Mitchell, 115 Ill. 124; Civil Code, § 4038; Fry, Spec. Perf. § 56 et seq.; Cuddee *v.* Rutter, 1 White & L. C. Eq. 907.

This was the first grant of a new trial, and could have been affirmed under section 5585 of the Civil Code, as construed by this court in *Johnson* v. *Ga. R. Co.*, 102 *Ga.* 577. In that case it was held that the first grant of a new trial, whether upon general or special grounds, would not be disturbed by this court unless it manifestly appeared that the judge had abused his discretion, and that the verdict, in each material issue involved, was demanded by the law and the evidence. Inasmuch, however, as the point here involved was somewhat new in this court, we concluded to write the above opinion, in order that the trial judge, if there is another trial, shall be possessed of our views.

*Judgment affirmed. All the Justices concurring.*