JESSE M. WOOD, JR., Respondent, *v.* HERBERT KNIGHT, Appellant.

*Action on an instrument showing a consideration on its face — none need be alleged
— an instrument importing mutual promises — a complaint stating a cause of
action upon one obligation and not upon another obligation of the same contract.*

Where an instrument on its face shows the existence of a valid consideration,
no other averment of the consideration need be made in the complaint in an
action thereon.

An instrument signed by both the parties to it, which declares null and void all
former agreements between the parties, although it does not in terms appear
that a discharge of any such agreement relieved one of the parties from any
burden, or was in any way disadvantageous to the other party, imports mutual
obligations assumed and mutual promises made, and bears upon its face the
evidence of a sufficient consideration.

Where the complaint in an action upon such an instrument states a cause of
action on one obligation assumed by the defendant by such instrument, the fact

that the averments of the complaint are not sufficient to warrant a recovery upon another obligation, assumed by the defendant under the same instrument, does not render the complaint demurrable, on the ground that it does not state facts sufficient to constitute a cause of action.

APPEAL by the defendant, Herbert Knight, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chenango on the 3d day of January, 1898, upon the decision of the court rendered after a trial at the Broome Special Term, overruling the defendant's demurrer to the plaintiff's complaint.

*Alexander & Colby,* for the appellant.

*Bixby & Brown,* for the respondent.

PARKER, P. J.:

Without considering any other reasons, it seems to me that this judgment must be sustained for the reasons given by the court below. When a copy of the instrument sued upon is set forth in the complaint, and that instrument on its face shows the existence of a valid consideration, no other averment of a consideration need be found in the complaint. (*Prindle* v. *Caruthers,* 15 N. Y. 425.) In a complaint that is deemed averred which, by reasonable and fair intendment, can be implied from the facts therein stated. (*Marie* v. *Garrison,* 83 N. Y. 23.)

The instrument in question, after several direct promises on the part of the defendant Knight to pay the plaintiff Wood certain sums of money at specified dates, concludes as follows:

"All former agreements, both written and verbal, between said Knight and said Wood, particularly agreement of April, 1894, are hereby rendered null and void and of no effect whatsoever."

It is then signed by each of the parties.

It is quite true that the instrument does not say what the agreements so rendered null and void were. It does not, in terms, appear that, by the discharge of any such agreement, Knight was relieved from any burden, or was in any way benefited thereby. Nor does it appear, in terms, that any disadvantage thereby accrued to Wood. But it must be noticed that Wood signs the instrument as well as Knight, and that fact on the face of the paper imports a promise of

some sort on his part. Evidently, by his signing, the parties understood that he was promising something, and as there is therein no obligation particularly specified as being assumed by him, the fair and reasonable inference is that the agreements released, or at least some of them, were obligations due to him from Knight, and which his signature was required to discharge.

A reasonable construction of the paper imports mutual obligations assumed and mutual promises made. And if mutual promises exist therein, a sufficient consideration appears on the paper itself. (*Nellis* v. *De Forest*, 16 Barb. 61, 65.)

If there is a consideration apparent for the contract set forth, then, whether there are or are not averments sufficient to warrant a recovery for so much as rests upon the guaranty of the defendant, is not important upon the consideration of this demurrer. A cause of action for the other obligations assumed by the defendant in the contract being sufficiently averred, the complaint was not subject to a demurrer on the ground that it does not state facts sufficient to constitute a cause of action.

The interlocutory judgment appealed from should be affirmed, with costs, and with leave to the defendant to answer over within twenty days after the entry and notice of this judgment, and upon payment of the costs.

All concurred.

Interlocutory judgment affirmed, with costs, with leave to the defendant to answer over within twenty days after entry and notice of judgment, upon payment of costs.