[L. A. No. 857.　Department One.—July 24, 1901.]

A. SAMUEL PARKS, Executor, etc., of Elizabeth N. Parks, Deceased, Respondent, v. LOUIS MOCKENHAUPT, Appellant.

ESTATES OF DECEASED PERSONS — PLEDGE BY EXECUTOR — MONEY BORROWED TO PAY DEBTS. — An executor has no authority to pledge the personal property of the estate as security for money borrowed by him for the purpose of paying debts against the estate. If he does so, he may recover the property pledged, in an action of replevin, and the pledgee has no lien thereon, even to the extent to which the money borrowed was used to pay the debts of the estate.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial.　John L. Campbell, Judge.

The facts are stated in the opinion of the court.

Dockweiler & Carter, for Appellant.

Albert J. Sherer, and G. P. Adams, for Respondent.

GAROUTTE, J.—This action was brought, in the nature of replevin, to recover certain personal property, consisting of a certificate representing ten shares of water stock.　The facts material to the consideration of the case are these: This property came into the possession of Parks as executor of the last will and testament of the aforesaid deceased.　Pending administration he borrowed two thousand dollars of defendant, giving as security therefor certain mortgages upon his interest in several parcels of real estate devised to him by the aforesaid last will and testament.　As additional security, he delivered over to the possession of defendant the aforesaid certificate of stock. Plaintiff borrowed this money, as he represented to the defendant, for the purpose of paying debts resting against the estate of deceased, and in fact did apply seven hundred dollars of it to that purpose.　Subsequently, after demand made, he brought the present action to recover from defendant the possession of this certificate of stock.　Judgment went against defendant, and this appeal is from that judgment and also from the order denying his motion for a new trial.

From the standpoint of plaintiff as an individual, this transaction upon its face bears the marks of being unconscionable. But the action is purely one of law; no equities are relied upon in the pleadings, and the appeal is without legal merit.   Parks, individually, had no authority to pledge this certificate of stock to defendant.   It was the property of the estate, and he could no more pledge it to defendant than he could have sold it to him.   Neither is there any pretense that he borrowed the money in his official capacity, even if the statute allowed him so to do.

It is claimed that the money was borrowed, in part, to pay the debts resting against the estate of deceased, and that seven hundred dollars of the amount being applied to that purpose, such amount should be declared a lien upon the stock, and redelivery only be had after the extinguishment of that lien.   As before suggested, there is no affirmative defense in the nature of an equitable estoppel, or otherwise, set out in the answer, and the solution of the question presented by the record is wholly dependent upon the fact as to where the title to this property rests, for here the right of possession follows the title.   Even conceding the pleadings in this proceeding justified evidence upon the issue as to this right of lien, still the court is unable to see how a lien could be declared within the law.   This certificate of stock being property of the estate, it must remain in the estate as assets thereof, subject to claims and fees and expenses of administration.

The allegations of the complaint are amply sufficient to support the judgment.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.