# CHARLESTON.

## NELSON C. HUBBARD v. LUCY M. GEORGE.

Submitted January 22, 1918.   Decided January 29, 1918.

1. SPECIFIC PERFORMANCE—*Contract for Sale of Stock—Equity Jurisdiction.*

   A court of equity has jurisdiction to specifically enforce a contract for the sale of corporate stock where the value of such stock is not easily ascertainable, or the stock is not to be obtained readily elsewhere, or there is some particular and reasonable cause for the vendee's requiring the stock itself to be delivered. (p. 541).

2. ATTORNEY AND CLIENT—*Contract With Client—Compensation.*

   An attorney may contract with his client for the rendition of professional services, and in such contract may fix the amount of the compensation to be paid for such services.   (p. 542).

3. CORPORATIONS—*Sale of Stock—Dividends.*

   Where the owner of corporate stock sells the same to another to be paid for by services to be performed in the future, the purchaser is entitled to receive all of the dividends declared on such stock after the date of such sale, although the stock certificates are not transferred and delivered to the purchaser until after full performance of the services agreed to be performed by him. (p. 543).

Appeal from Circuit Court, Ohio County.

Suit by Nelson C. Hubbard against Lucy M. George and others.   Decree for defendant and plaintiff appeals.

*Modified and affirmed.*

*Frank W. Nesbitt,* for appellant.

*J. F. Cree,* for appellee.

RITZ, JUDGE:

The plaintiff claims that he was employed by the defendant Lucy M. George in the month of December, 1910, to recover for her one hundred and sixty shares of stock of the S. George Company, of which she claimed she had been deprived by fraudulent practices of other parties.   At the time of the employment, according to the contention of the plaintiff, Mrs. George proposed to give him for his services, and he accepted

the offer, ten shares of stock of the S. George Company, of which stock Mrs. George owned a large number of shares in addition to the 160 shares involved in the litigation. After the agreement was made the plaintiff instituted and prosecuted the suit to a successful conclusion, recovering the 160 shares of stock for Mrs. George. This result was reached in June, 1914. The plaintiff states that shortly after he accepted the employment from Mrs. George on the terms above mentioned he asked her to transfer to him the ten shares of stock; that she then raised no question about his right to have the ten shares of stock, but suggested that it would be better not to transfer them to him until after the litigation was concluded, inasmuch as it might embarrass him to attend meetings of the corporation stockholders while the litigation was in progress, the litigation being with the other stockholders of the corporation, and it might embarrass the corporation's affairs unless all of the stock was represented at such stockholders' meetings. For this reason he made no further demand upon her to transfer the stock to him until after the litigation was determined, and her stock recovered for her. After the contract was entered into there was a stock dividend of twenty per cent. declared on this stock, and a number of cash dividends, which are set out in the record. Mrs. George admits that she employed Mr. Hubbard for the purpose of instituting and prosecuting the suit for the recovery of her 160 shares of stock, but she denies that she agreed to give him ten shares of the S. George Company stock for his services, and says that there was no agreement as to what compensation he should receive. The court below found as a matter of fact that the contract had been entered into as alleged by the plaintiff, and entered a decree requiring the defendant Lucy M. George to transfer to the plaintiff ten shares of the stock of the S. George Company standing in her name on the books of said company, and enjoining her from transferring such stock to anyone else, and directed the defendant, the S. George Company, to pay the dividends on ten shares of said stock to the plaintiff until such time as such transfer was effected, and decreed in favor of the plaintiff for the dividends declared on said ten shares since June,

1914, the date of the termination of the litigation. From this decree plaintiff appealed and contends that in addition to the ten shares of stock which the court awarded him he is entitled to have a decree for the twenty per cent. stock dividend, or have twelve shares of stock as it stands at the present time, as well as have the cash dividends which, however, are not in dispute, the court having decreed in his favor for the cash dividends from June, 1914, and he not insisting on the cash dividends prior to that time. The sole question presented by the plaintiff is, does the stock dividend declared early in the year 1914 go to him, or is he only entitled to the ten shares of stock and the dividends declared thereon after he completed the contract of service?

The defendant Lucy M. George assigns cross error. She contends that plaintiff ought not to be allowed to maintain the suit at all, for the reason that he has failed to prove his contract by a preponderance of the testimony, and the court should have for that reason dismissed his bill; for the further reason that equity has no jurisdiction to entertain a suit to specifically enforce a contract of this character, the remedy at law being adequate to recover either the value of the stock, or the value of his services; and further, that the contract, even as claimed by the plaintiff, is void for the reason that it provided for the payment of compensation to an attorney at law out of the subject matter of the litigation.

It may be said that the evidence in this case upon the question as to Mr. Hubbard's employment for the prosecution of the suit is undisputed; the dispute arises upon the agreement he asserts for his compensation. Upon this the parties are sharply in conflict. The learned chancellor in the circuit court, after carefully weighing all of the evidence, found that Mr. Hubbard had proved his contract, and that it existed as contended for by him. It has been so frequently held by this court that the findings of fact of a circuit judge upon conflicting evidence will not be disturbed on appeal, unless the preponderance is clearly against such finding, that we need not cite authority to sustain the proposition. That is the case here. The evidence upon this question is sharply

in conflict, and we will not disturb the findings of fact of the chancellor thereon.

Mrs. George next contends that the suit cannot be maintained because the remedy at law is adequate; that the plaintiff could sue at law and recover the value of the ten shares of stock, or if he failed to prove that he had a contract for any specific compensation, recover the value of his services. Of course plaintiff's right to recover in this case depends entirely upon establishing the contract as asserted by him. He could not maintain a suit in equity to recover compensation for his services as attorney for the defendant. It may further be said that even though the defendant Mrs. George had agreed to pay him for his services certain shares of stock, he could not maintain a suit in equity to compel the transfer of such shares of stock, unless it is made to appear that the shares of stock so agreed to be delivered to him are of peculiar value, or the value thereof not easily ascertainable. *Hogg* v. *McGuffin,* 67 W. Va. 456; Cook on Corporations, §§337-8. The rationale of this doctrine is that the purchaser may desire the particular stock for the purpose of securing to himself control of the corporation, or of preventing the control of the same by antagonistic interests; or where the stock has no such peculiar value to him, still if it has no well recognized value in the market, or the value is not easily ascertainable, a judgment at law may be adequate to compensate him for the stock, or it may not be; because of the difficulty in proving the real value of it he may receive more than he is entitled to, or he may receive less. In this case witnesses who are conversant with this corporation fix the value of its stock over a wide range, some saying that it is about $104.00 a share, and others fixing it much higher. Undoubtedly from the evidence the jury would be warranted in finding that the value of the stock was $104.00 a share, and we have no doubt that such a finding would be to the prejudice of the plaintiff; or the jury might find that the value of it was the highest price mentioned, and we have no doubt that such a finding would be to the prejudice of the defendant Mrs. George, so that courts of equity entertain jurisdiction, and it is a well recognized ground of such jurisdiction, to specific-

ally enforce contracts for the delivery of corporate shares where those shares have peculiar value to the purchaser, or where because of the difficulty in ascertaining the market value thereof a court of law cannot adequately compensate the complaining party. Such we think is the case here.

Mrs. George further contends that conceding that she made such a contract as that relied upon by Mr. Hubbard, it cannot be enforced for the reason that it is void as against public policy. We are a little at a loss to understand the basis for this contention. Both parties were competent to contract, Mr. Hubbard was an attorney at law, his services were desired by Mrs. George, he was willing to render her the services, and she was willing to give him ten shares of stock therefor, and the parties contracted upon this basis. There can be no doubt but that it is perfectly proper and right for an attorney to enter into a contract with one desiring his services, fixing the compensation which he is to receive. Thornton on Attorneys at Law, pp. 723 etc. The case of *Keenan* v. *Scott,* 64 W. Va. 137, is relied upon for the contention that the contract set up here is void as against public policy. That case has no application. It was held there that after the employment of an attorney under a contract by which his compensation is fixed, and the relation of attorney and client is established, any change that is made in it increasing the amount of the compensation agreed on in the beginning will be held to be voidable as against public policy. There are other authorities cited sustaining this proposition, and it is good law. Certainly after an attorney is employed and his compensation agreed upon, he cannot secure any other agreement from his client while this confidential relation is existing materially altering the first one, without subjecting it to the liability of being overthrown at the election of his client. But no such principle is involved here. The contract that is relied upon by the plaintiff was made at the time he accepted the employment, and no reason is perceived, nor is any authority cited, that would indicate that it is not entirely competent for an attorney to agree with the party proposing the employment to him upon the amount of his compensation at the time of such employment as a part of the contract of employ-

ment. If such were not the case the compensation of attorneys would always be uncertain and indefinite, and left to be determined, when the parties could not agree after the conclusion of the litigation, by a suit in court. Such a holding would have a tendency to promote litigation, while the policy of the law is exactly the contrary.

The plaintiff contends that the decree of the court below is wrong and to his prejudice, in that the twenty per cent. stock dividend declared in 1914 was not decreed to him, as well as the ten shares of stock. He contends that instead of decreeing to him ten shares of stock with the dividends paid thereon from June, 1914, the court below should have decreed to him twelve shares of stock with these dividends, and it was to correct this alleged error that he prosecuted this appeal. Dividends declared on corporate stocks are the property of the real owner of the stock at the time of the declaration of the dividend. *Rose* v. *Barclay*, 191 Pa. 594, 45 L. R. A. 392, 10 Cyc. 556. The only question here is, who was the real owner of this stock at the time of the declaration of this dividend? The stock certificate was not delivered to Mr. Hubbard, nor was any transfer thereof made upon the books of the company, and it is contended that because of this failure to transfer to him the stock certificate, or transfer the shares on the books, there was no title in him. It may be true that the legal title had not passed, but was not the full equitable interest vested in the plaintiff from and after the making of the contract of employment? It occures to us that the action of the court in holding that the contract existed, and that the plaintiff was entitled to have the stock transferred, must necessarily carry with it the finding that the full equitable interest was transferred to the plaintiff by the contract of employment set up and relied upon by him. If it were not transferred to him by this contract, he never got it at all. Even though we were to treat the contract as a sale of this stock to the plaintiff, to be delivered when he had performed the services, still under the authorities he would be entitled to take the stock with everything that accrued therefrom after the making of the contract between him and Mrs. George. It must be borne in mind that the certificates are not the

property; they are but evidence of the stockholder's interest in the corporation. The stock is the interest in the corporation itself, and when a purchaser agrees to pay a certain sum of money for ten shares of the stock of a particular corporation, the agreement is to pay the sum of money agreed upon for a certain proportion of the assets of that corporation; and should the corporation subsequently declare a stock dividend, or any other sort of dividend, and thereby make each of its shares a less interest in the corporation than it formerly was, surely the purchaser would be entitled to the dividend thus declared in order to give him what he contracted for. 7 R. C. L. §267. In the case of *Black* v. *Homersham,* 4 L. R. Exch. Div. p. 24, it was held that where shares of stock were sold on the first of August to be paid for on the 29th day of August, and a dividend was declared between the day of sale and the day provided for payment, such dividend belonged to the purchaser. So we must say here, these shares of stock were sold in December, 1910, to be paid for by Mr. Hubbard with services to be rendered as long as was necessary in the prosecution of that particular litigation, and any dividends declared upon this stock after the date of the purchase or contract with him belonged to him. In *Harris* v. *Stevens,* 7 N. H. 454, it was held that where one offering to sell another certain shares of stock on a certain day with the privilege to such other to accept the offer within a certain time, the offer being accepted within the time, the purchaser was entitled to a dividend declared upon the shares between the time the offer was made and the date of the acceptance thereof, upon the theory that what the party was buying was what was offered to him, and if he did not get the dividend he was getting less than that, because it cannot be doubted that every declaration of a dividend to that extent reduces the value of the property of the corporation. After a dividend is declared the amount thereof becomes a debt of the corporation to its stockholders. Before it is declared it is the property of the corporation, and so it is easy to be seen that by the declaration of a dividend the value of the corporate assests is decreased to the extent that it is necessary to take them to pay such dividend. What Mr. Hubbard undertook to

do in this case in December, 1910, was to perform certain services agreed upon between him and the defendant for ten shares of the stock of the S. George Company. He was entitled to have the interest in that corporation represented by these ten shares unimpaired by the subsequent declaration of dividends, and the only way that he could get the interest he actually contracted for was to give him the dividends declared on the stock subsequent to the making of his contract. A like holding was made in the case of *Currie* v. *White*, 45 N. Y. 822.

We are of opinion that the decree entered in the court below will have to be modified so as to require Mrs. George to transfer to the plaintiff 12 shares of the stock of the S. George Company instead of ten shares, and to require her to pay him the cash dividends provided in the decree of the lower court upon 12 shares of stock instead of 10 shares thereof, as therein provided. With this modification the decree will be affirmed, with costs to the appellant.

*Modified and affirmed.*