## RIMES *v.* RIMES.

As a general rule, equity will not decree specific performance of contracts relating to personal property. In order to sustain a bill for the specific performance of such a contract, it is necessary to allege some good reason in equity and good conscience to take the case out of the general rule. The allegations of the petition do not take this case out of the general rule, and the court did not err in dismissing the petition on general demurrer.

No. 2384. FEBRUARY 18, 1922.

Equitable petition. Before Judge Meldrim. Chatham superior court. November 30, 1920.

*Melville Price,* for plaintiff.

*Seabrook & Kennedy,* for defendant.

FISH, C. J. Plaintiff's petition sought to have specific performance of a written contract of sale by defendant to plaintiff of 25 shares of the corporate stock of the Citizens Bank of Ludowici. Defendant demurred generally and specially. The general demurrer was sustained, and plaintiff excepted.

No special value is attached to particular shares of stock in a corporation over other like shares. Generally damages at law are considered adequate to enable the plaintiff to procure stock in the open market, equivalent to that which he is entitled to receive under his contract. 25 R. C. L. 298, and cases cited in notes 11 and 12. It is not alleged in the petition here that defendant

is insolvent, or that the value of the stock is uncertain. The ground upon which the jurisdiction of equity is invoked in this case is said to arise from the peculiar value which the stock has under the special circumstances of the case, by reason of which plaintiff's right to recover damages would not constitute an adequate remedy at law. The special circumstances relied on are, that plaintiff contracted to buy the stock for the purpose of securing to himself the control of the corporation, and that, acting upon his contract with defendant, plaintiff purchased and paid full value for other large blocks of stock in the corporation, with the knowledge of defendant. While the contract, made for the avowed purpose of securing to plaintiff the control of the corporation, which purpose was known to defendant at the time, is not illegal (see *Central Ry. Co.* v. *Central Trust Co.*, 135 *Ga.* 472 (2), 69 S. E. 708), it has been held that it is contrary to well-established equitable principles to grant relief for such purpose. Clowes v. Miller, 74 Conn. 287 (50 Atl. 728). See also Ryan v. McLane, 91 Md. 175, 50 L. R. A. 501, 80 Am. St. R. 438, 46 Atl. 340). There are cases to the contrary. See Sherman v. Herr, 220 Pa. 420 (69 Atl. 899) ; Schmidt v. Pritchard, 135 Iowa, 240 (112 N. W. 801) ; Sherwood v. Wallin, 1 Cal. App. 532 (82 Pac. 566). It is generally held that specific performance of a contract for the sale of corporate stock will be decreed where the stock has some peculiar value to the plaintiff, or where the value of the stock is uncertain, or the stock can not be obtained elsewhere. Hubbard v. George, 81 W. Va. 538 (94 S. E. 974, L. R. A. 1918C, 835, and cases cited in note) ; Morgan v. Bartlett, 75 W. Va. 293 (83 S. E. 1001, L. R. A. 1915D, 300, and cases cited in note) ; Hogg v. McGuffin, 67 W. Va. 456 (68 S. E. 41, 31 L. R. A. (N. S.) 491), and cases cited in note.

The plaintiff in this case does not affirmatively allege that he can not obtain other shares of the stock in the open market. His allegation is, "that he has been out and tried to buy stock in said bank to replace that of the said Troy F. Rimes, but entirely failed to buy same; that petitioner can not buy same." But he also avers that defendant's purpose in refusing to complete the sale and transfer of the stock is to compel plaintiff to pay an unreasonable price for the stock. The further allegation is made that defendant and another stockholder in the corporation are acting together for

this purpose. In the absence of a direct and unequivocal allegation that the stock could not be purchased in the open market, or that the value of the stock was not easily ascertainable, or other good cause, equity will not enforce specific performance of the contract against the solvent defendant upon the sole ground that the contract was made to enable plaintiff to secure to himself control of the corporation.

It is true that the petition alleges that plaintiff, if allowed to have the stock, will greatly increase its value by increasing the earnings of the bank, and that his damages in this regard can not be ascertained if he is not granted the relief prayed. It is clear that plaintiff does not here intend to allege that the stock has a special or peculiar value. The element of value here asserted is not inherent in the prticular stock itself. The expected profits and benefits to be derived from the control of the corporation by plaintiff are quite too remote and contingent to authorize the relief prayed. The allegations of the petition do not take the case out of the general rule stated in *Carolee* v. *Handelis*, 103 *Ga.* 299 (29 S. E. 935), stated in the headnote; and the court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*