HORACE S. ROOP, EUGENE SHIREY, DANIEL F. BOWEN, RANKLIN UNGERBUEHLER, DAVID R. LYNAM, ANDREW SPATH, HERBERT B. WALKER and WILLIAM F. MINK,

*vs.*

GEORGE A. MICHENER.

*New Castle, April* 16, 1924.

Bill to enjoin construction of eight garages on one lot, as violative of restriction against buildings in which shall be carried on business, offensive, noxious, or detrimental to use of any of the land for residences, *held* insufficient; it being impossible to say, in advance, that the running of automobiles in and out of eight privately rented garages must render them offensive, noxious, or detrimental.

Predicted inference from facts yet to transpire, as that constant running of automobiles in and out of garages, construction of which is sought to be enjoined, will prove offensive, noxious, and detrimental, is not admitted by demurrer.

INJUNCTION BILL. The bill alleges that the defendant is the owner of a certain lot of land at Bellemoor, a suburb of the city of Wilmington, adjoining or adjacent to the residential properties of the several complainants; that in all the deeds made by the former owner of the Bellemoor tract, certain restrictions were imposed upon the respective grantees; that complainants purchased their properties in reliance upon said restrictions and in the belief

that the same would be observed; and that the defendant's title to his said lot is subject to said restictions.　The particular restriction relied on is as follows:

"That the said parties of the second part, their heirs and assigns will not erect or build, or cause to be erected or built upon the hereby granted lot of ground, or upon any part thereof, any buildings in which shall be carried on any business, offensive, noxious or detrimental to the use of said land, or any portion of the same for residences.　★　★　★ "

The bill further alleges that the defendant in violation of the restriction has commenced the erection and construction on his aforesaid lot of a group of eight garages for the use of the public and to be rented to the public for profits; that the erection of said garages will be in violation of the building restriction above referred to in that the constant running of automobiles into and out of said garages will prove to be offensive, noxious and detrimental to the use of the properties of the complainants as private residences.

The relief sought is an injunction against continuing the erection of the garages.　A demurrer was interposed to the bill.

*John J. Morris, Jr.,* and *Elwood F. Melson,* for the complainants.

*Julian C. Walker,* for the defendant.

THE CHANCELLOR.　The defendant assigns as cause of demurrer that the bill does not state such a case as entitles the complainants to any relief.　The bill shows that the garages in question are not yet completed.　It is not alleged that they are to constitute a public garage in the ordinary sense of the term.　The description of them in the bill is consistent with the conception that they are to be rented to individuals who will house their automobiles therein, instead of in single garages erected on the respective premises of each renter.　The argument was in harmony with this conception.　Nothing in the way of offensiveness is suggested by the bill beyond the mere fact of automobiles running in and out in the future.　Whether this will fall within the inhibition of the restriction, no one can now say.　Only actual dem-

onstration can supply the facts upon which judgment with respect to the matter can be predicated. This is so unless it is to be held as a matter of law that the running of automobiles in and out of eight privately rented garages must inevitably be attended with such circumstances as will render them offensive, noxious or detrimental. No case has been cited which so holds. The case of *Hohl v. Modell*, 264 *Pa.* 516, 107 *Atl.* 885, cited by the complainants, which held that the enlargement of the garage there complained against, constituted an "offensive business," was decided after hearing on the facts showing the nature and character of the business already conducted on the spot. It was not on demurrer.

The bill in this case fails to show such a state of facts as warrants the conclusion that the business (if such it can be called) which is proposed to be carried on in these garages must as a matter of law turn out to be offensive, noxious or detrimental.

The solicitors for the complainants, however, insist that the demurrer admits all the allegations of the bill as true. Accordingly when the bill charges, as it does, that "the erection of said garages will be in violation of the building restriction hereinbefore mentioned, in that the constant running of automobiles into and out of the said garages, will prove to be offensive, noxious and derimental," etc., this allegation, it is insisted, is to be taken as an admitted fact and the bill is thereby rendered safe against demurrer.

"Although a demurrer confesses the matters stated in the bill to be true, such confession is confined to those matters which are well pleaded; i. e., matters of fact. It does not, therefore, admit any matters of law which are suggested in the bill, or inferred from the facts stated; for, strictly speaking, arguments, or inferences, or matters of law, ought not to be stated in pleading, although there is sometimes occasion to make mention of them for the convenience or intelligibility of the matters of fact." *Daniell's Chancery Pl. & Pr.*, (4th Ed.) p. 545.

The allegation which the complainants insist is admitted by the demurrer in this case falls within the category of matters which, according to the authority of Mr. Daniell, a demurrer does not confess. The allegation is a predicted inference to be drawn from facts yet to transpire. Such an allegation is not admitted by the demurrer. *Bowen v. Mauzy*, 117 *Ind.* 258, 19 *N. E* 526.

The demurrer will be sustained.