WALTER M. FRANCIS, NATHAN BARSKY, J. WALES DAVIS, CLARENCE E. YOST, MILTON CANNON, CHARLES B. PALMER and WILLIAM L. RICKARDS,

*vs.*

GEORGE L. MEDILL.

*New Castle, May 2, 1928.*

*Charles F. Curley*, for complainants.

*James I. Boyce*, for defendant.

THE CHANCELLOR. The ground of demurrer on which the defendant relies is that the complainants have a complete and adequate remedy at law, and that this court is therefore without jurisdiction.

The remedy of specific performance of a contract is available only where there is no adequate remedy at law for its breach. This was the exclusive test by which the Supreme Court of this State determined the right of the complainant to the relief of specific performance in *G. W. Baker Machine Co. v. U. S. Fire Apparatus Co.*, 11 *Del. Ch.* 387, 97 *A.* 613. Because the law supplies an adequate remedy by way of damages for the breach of the ordinary contract for the delivery of personal property, the remedy of specific performance is generally denied in such cases. A contract calling for the delivery of shares of stock in a corporation is no different in respect to its specific enforcement in equity than is a contract calling for the delivery of any other kind of personal property and possesses no particular claim for consideration in applying the law of specific performance because of its peculiar nature. It was so held in effect by the Supreme Court in the case cited from 11 *Delaware Chancery, supra,* and by the Chancellor in the earlier case of *Diamond State Iron Co. v. Todd,* 6 *Del. Ch.* 163, 14 *A.* 27.

"But whenever, from the nature of the 'property' or from any circumstances a sufficiently certain and adequate redress cannot be afforded by a suit at law, a court of equity will relieve without respect to the question whether the subject-matter of the contract is real or personal estate." *Satterthwait v. Marshall,* 4 *Del. Ch.* 337.

That ownership of shares of stock may in certain circumstances possess such peculiar and unique features as bring them within this principle and as will therefore warrant the specific enforcement of a contract for their sale and delivery, is recognized by the Supreme Court in the *Baker Machine Co. Case* though the remedy was denied on the particular facts shown.

The question here then is—Does the bill show such facts as give to the eighty-nine shares in question such a peculiar value that if the complainants go to law for damages the remedy afforded there will be insufficient and inadequate?

That one who contracts for the purchase of shares of stock

in a corporation in such amount as to give a majority control, is entitled to a specific performance of the contract because of the inadequacy of the remedy at law for damages, is held in the following cases: *Hubbard v. George*, 81 *W. Va.* 538, 94 *S. E.* 974, *L. R. A.* 1918*C*, 835; *Doherty & Co. v. Rice*, (*C. C. A.*) 186 *F.* 204; *Northern Central Ry. v. Walworth*, 193 *Pa.* 207, 44 *A.* 253, 74 *Am. St. Rep.* 683; *Nason v. Barrett*, 140 *Minn.* 366, 168 *N. W.* 581; *Whiting v. Enterprise Land & Sheep Co.*, 265 *Mo.* 374, 177 *S. W.* 589. But the principle of these cases is of no assistance here, for the simple reason that the complainants neither severally, nor jointly (if their dealings with the defendant can be described as joint), purchased or thought they were purchasing stock that would give them control.

The bill fails to allege that the eighty-nine shares in question were bargained for in order to secure to the complainants control of the corporation or that the said shares would in fact put control in the complainants. All that the bill charges with respect to this matter of control is that the defendant is proposing to sell to another a majority (five hundred and five shares) of the outstanding stock, and that he proposes to sell the eighty-nine shares contracted for by the complainants to help make up the total of five hundred and five. The bill fails to allege that a similar eighty-nine shares may not be purchased by the complainants elsewhere or that the defendant, if he should make delivery to the complainants of the eighty-nine shares which they say they bought, could not find a like number in the outside market. The case, therefore, is one where the particular eighty-nine shares bargained for possess no value peculiar to themselves and are no differently circumstanced from any other eighty-nine shares that, so far as the bill shows, are obtainable on the market. In this aspect of the case, the observations of the court in *Rimes v. Rimes*, 152 *Ga.* 721, 111 *S. E.* 34, 22 *A. L. R.* 1030, are quite pertinent. The complainants while not seeking the eighty-nine shares to secure control for themselves, in substance are asking that the defendant be deprived of using this particular block of eighty-nine shares instead of another which is obtainable in order to pass the control. That being the situation, it is impossible for me to see how the case shown by the bill contains anything

which takes it out of the general principle that denies the remedy of specific performance to a contract calling for the delivery of ordinary personal chattels.

So far as appears, the complainants can obtain an adequate remedy at law by suing for damages, holding the defendant liable for the excess over the agreed purchase price which they would be compelled to pay for the stock in the open market.

In their bill the complainants undertake to set out two reasons which they say serve to show the inadequacy of the legal remedy. The first one is that if the defendant sells control to the Bankers' Bond and Acceptance Company, it will be prejudicial and harmful to the interests of the Brandywine Trust and Savings Bank and to the value of the stockholdings of the complainants therein, because the Bankers' Bond and Acceptance Company which is engaged in the business of lending money on first and second mortgages and of financing automobile purchases, would as the holder of the bank's controlling stock injure its business and good will for the reason that it would be in a position to use the bank for the advancement of its own interests as distinguished from the interests of the bank. This allegation in the bill is not such an allegation as the demurrer admits. *Roop, et al. v. Michener*, 14 *Del. Ch.* 205, 124 *A.* 581. But assuming it to be such an allegation as the demurrer admits, it amounts in its last analysis to nothing more than this, that a majority of the stock of a corporation ought not to be permitted to be owned by one person who would be put thereby in a position to use the corporation for his own personal advantage. I say it can amount to no more than that, because if the complainants secure the eighty-nine shares, the defendant could acquire from other sources enough stock to sell control to the Bankers' Bond and Acceptance Company, in which case the latter would still be in the position referred to. A decree in favor of the complainants in this suit is not essential to obviate the danger of exploitation which the bill's allegations assume. But if it were, that fact alone would not warrant the granting of relief. The proper remedy against the exploitation of a corporation by its dominant stockholder is by suit in behalf of the corporation to redress the wrongs when done, not by a proceeding to prevent the acquisition

of control which makes the exploitation possible. Certainly it is not against the policy of the law for one stockholder to own a majority of a corporation's stock.

The second reason which the complainants set up in their bill as showing the inadequacy of the legal remedy is that the complainants have a pride in the past efforts of themselves and associates as directors in building up a substantial public good will for the bank, which they are desirous shall not now be lessened or destroyed and that they desire to hold their offices as directors and officers so long as the majority of stockholders desire them so to do. If the eighty-nine shares in question gave control to the complainants there would be more of merit in this contention than it otherwise has. Obviously, inasmuch as eighty-nine shares can, so far as the bill shows, be obtained by either the complainants or the defendant on the market, the particular eighty-nine shares contracted for may be owned by either of them and yet the desire of the complainants to continue as directors and officers be frustrated by the defendant's carrying out his contract with the Bankers' Bond and Acceptance Company. The particular eighty-nine shares contracted for by the complainants do not constitute the key to the situation.

An order will be entered sustaining the demurrer.