183 A.2d 581 (1962)
John H. McQUAIL and Helen McQuail, his wife, who brought suit with John W. Dukes, et al., Plaintiffs,
v.
SHELL OIL COMPANY, a Delaware corporation, Joseph S. Dayton, Harry H. Lambert and Harry B. Roberts, Jr., constituting the Levy Court of New Castle County; and Bayard A. Vandegrift, William R. Manning, John F. Porter, Charles C. Gammons, and Harvey G. Cole, constituting the New Castle County Zoning Commission, and Grey M. Budd, Frances K. Budd, Edward R. Cordery, Lucy C. Cordery, Mary C. Derrickson, Lone Manor Farms, Inc., a Delaware corporation, Harry W. Lynch, Jr., Mary T. Lynch, Ruth F. Vogel, Susanna C. Wallace, Augustus E. Sheats, Elizabeth S. Sheats, Daniel C. Casapulla, Dorothy L. Casapulla, Nolan V. Williams, Meta Williams, Freeman Segars, Ruby B. Segars, Joseph A. Krejci, William H. Brady, Jr., Edith F. Brady, Michael Kitschik and Elena Kitschik, Defendants.
Court of Chancery of Delaware, New Castle County.
July 26, 1962.
*582 William Prickett, Jr., of Prickett, Prickett & Tybout, Wilmington, for plaintiffs.
Edmund N. Carpenter, II, and Richard J. Abrams of Richards, Layton & Finger, Wilmington, for Shell Oil Company.
Clarence W. Taylor and Robert P. O'Hora, Wilmington, for the Levy Court of New Castle County and the New Castle County Zoning Commission.
William F. Lynch, II, of Morris, James, Hitchens & Williams, Willmington, for certain individual defendants.
Clair J. Killoran, of Killoran & Van Brunt, Wilmington, for certain individual defendants.
David F. Anderson, of Berl, Potter & Anderson, Wilmington, for defendant Ruth F. Vogel.
Joseph Donald Craven, Wilmington, for defendant Joseph A. Krejci.
SHORT, Vice Chancellor.
This action was originally commenced by 10 residents of Blackbird Hundred, New Castle County, Delaware. Eight of these plaintiffs have withdrawn and the action is now being prosecuted in the names of two plaintiffs only, namely, John H. McQuail and Helen McQuail. The complaint is in two counts. The first count challenges the validity of a rezoning order made by the Levy Court of New Castle County and the New Castle County Zoning Commission. On January 19, 1962 this court filed an opinion dismissing the first count of the complaint. See Dukes v. Shell Oil Company, Del.Ch., 177 A.2d 785. Plaintiffs appealed from the order entered pursuant to said opinion. On July 12, 1962 the Supreme Court filed an opinion affirming the dismissal of the first count of the complaint. Del., 183 A.2d 572.
The second count of the complaint alleges causes of action anticipatory in nature. As to this count defendants have moved to dismiss for failure to state a claim upon which relief may be granted. Paragraph 6 of count two alleges that Shell Oil Company, hereinafter Shell, proposes to build an oil refinery on part of the lands which have been rezoned. Paragraph 7 charges that "the operation of such a refinery would be a nuisance in that it would discharge foul noisome odors, smoke and harmful gases onto the lands of the plaintiffs." Paragraph 8 alleges that Shell proposes to drill wells and remove up to six million gallons of fresh water per day in the area, and, on information and belief, that "such drilling will draw subsurface waters away from the lands of the plaintiffs and will deprive them permanently of the use of the waters now lying beneath their lands." Paragraph 9 charges that the operation of the refinery "will cause irreparable damage to the plaintiffs by destroying the esthetic qualities of the area, depreciating land values, creating a nuisance and lowering the water table." While there is no specific prayer for relief with respect to the matters complained of in count two of the complaint I take it that the court would be warranted in granting appropriate relief, if any, under the general prayer therefor. Defendants do not contend to the contrary.
It is to be noted that the allegations of the second count of the complaint charge anticipated damage to plaintiffs from the operation of the proposed refinery. As of this time there is no refinery in existence. The complaint is, therefore, an expression of fear of consequences of the operation of the proposed refinery when constructed.
*583 Plaintiffs contend that on a motion to dismiss the allegations of the complaint must be taken as true, and that the motion can only be granted where the court finds that under no set of facts would the plaintiff be entitled to recover. This is undoubtedly the rule laid down by many cases in this and other courts of this state, with the qualification that only well-pleaded factual allegations are to be taken as admitted. Colton v. Wade, 32 Del.Ch. 122, 80 A.2d 923; Danby v. Osteopathic Hospital Ass'n of Delaware, 34 Del.Ch. 172, 101 A.2d 308. No more than a cursory examination of the allegations of the present complaint is required to demonstrate that they do not meet the test of this rule.
The complaint does not pretend to allege a nuisance per se. Indeed, if it did so pretend the allegation would be contrary to all legal precedent. A refinery is not a nuisance per se. Purcell v. Davis, 100 Mont. 480, 50 P.2d 255; Midland Empire Packing Co. v. Yale Oil Corp. of S. D., 119 Mont. 36, 169 P.2d 732; Waier v. Peerless Oil Co., 265 Mich. 398, 251 N.W. 552; McDonald v. Home Oil Corp., Tex., 241 S.W. 274. The operation of a refinery is a lawful enterprise. Purcell v. Davis, supra; McDonald v. Home Oil Corp., supra. It is to be presumed that a lawful enterprise will be conducted in an orderly manner and so as not to constitute a nuisance. 66 C.J.S. Nuisances § 127, p. 914. The charge in paragraph 7 is "a predicted inference to be drawn from facts yet to transpire." Roop v. Michener, 14 Del.Ch. 205, 124 A. 581. It is "but a conclusion based on these antecedent conjectures." City of Erie v. Gulf Oil Corp., 395 Pa. 383, 150 A.2d 351. The inferences drawn by the pleader are "prospective and imaginary." Bowen v. Mauzy, 117 Ind. 258, 19 N.E. 526. It is clear under the cited authorities that such an allegation is not admitted by a demurrer. It is no more admitted on a motion to dismiss, for such a motion serves "substantially the same function as our old demurrer." Traylor Engineering & Manufacturing Co. v. National Container Corp., 6 Terry 143, 70 A. 2d 9.
Paragraph 8 of the complaint avers that Shell "proposes to drill wells and remove up to six million gallons of fresh water per day" in the area. The mere statement of what Shell proposes to do is not a well-pleaded conclusion of fact. Homan Mfg. Co. v. Russo, 7 Cir., 233 F.2d 547. It is not therefore admitted by the present motion. Paragraph 8 also alleges, on information and belief, that the drilling of subsurface waters will deprive plaintiffs of the use of the waters now lying beneath their lands. This is again a conclusory allegation of consequences from facts yet to transpire. Defendant Shell further says as to this allegation that the motion would admit, at most, that plaintiffs do have such "information and belief." While the allegation fails to aver the truth of the matter stated, it is not necessary to determine its sufficiency on this ground. However, it would seem that a charge on information and belief should also aver the truth of a fact. Bodley, Executor v. Jones, 27 Del. Ch. 273, 32 A.2d 436.
Paragraph 9 of the complaint charges that the operation of the refinery "will cause irreparable damage to the plaintiffs by destroying the esthetic qualities of the area, depreciating land values, creating a nuisance and lowering the water table." Here again, plaintiffs are stating their predictions. Moreover, the mere destruction of esthetic qualities is not sufficient to warrant injunctive relief. 66 C.J.S. Nuisances § 111, pp. 873, 875. Nor is mere diminution of value of property, without more. Pruett v. Dayton, Del.Ch., 168 A.2d 440.
Paragraph 10 of the complaint alleges that the plaintiffs "have no adequate remedy save in this court." Defendants challenge this assertion with respect to all charges of the second count which are grounded upon averments of air pollution. In view of the conclusion which I herein reach I find it unnecessary to consider this *584 contention. It may well be that it has merit. See the unreported opinion of this court in Schofield v. Material Transit, Inc., New Castle County, September 21, 1960, wherein Vice Chancellor Marvel held that an application in this court for relief from air contamination would not be considered until plaintiffs had exhausted their remedy before the Air Pollution Authority of the State of Delaware.
I conclude that the motion to dismiss does not admit the truth of any of the allegations of paragraphs 7, 8 and 9 of the complaint.
The law with respect to the use of injunctive process to restrain an anticipated nuisance seems quite clear. Thus, in Commerce Oil Refining v. Miner, 1 Cir., 281 F.2d 465, it is said: "But, to secure an injunction against a neighbor's prospective use of his property, more must be shown than the mere possibility or even probability of harm resulting from that use. Unless a proposed use will be a nuisance per se, which is not suggested here for it is generally held that refineries are not in that category * * * courts of equity do not readily grant injunctions to restrain anticipatory nuisances." It was held that the court below erred in enjoining the erection of a refinery as a prospective nuisance.
In City of Lynchburg v. Peters, 145 Va. 1, 133 S.E. 674, the court said: "It is a well-established principle of equity jurisprudence that where a proposed structure, or the use of it, is not a nuisance per se, a court of equity will not grant an injunction against the erection of the structure or the use, merely because it may become a nuisance. The alleged nuisance must be the necessary result or the court will await the actual results."
In Pennsylvania Company, etc. v. Sun Company, 290 Pa. 404, 138 A. 909, 55 A.L. R. 873, the court said: "Where it is sought to enjoin an anticipated nuisance, it must be shown (a) that the proposed construction or the use to be made of property will be a nuisance per se; (b) or that, while it may not amount to a nuisance per se, under the circumstances of the case a nuisance must necessarily result from the contemplated act or thing. * * * The injury must be actually threatened, not merely anticipated; it must be practically certain, not merely probable."
To the same effect, see Purcell v. Davis, supra; City of Erie v. Gulf Oil Corp., supra; Phillips v. Allingham, 38 N.M. 361, 33 P.2d 910; Waier v. Peerless Oil Co., supra; Dahl v. Utah Oil Refining Co., 71 Utah 1, 262 P. 269; Strachan v. Beacon Oil Company, 251 Mass. 479, 146 N.E. 787; Vautier v. Atlantic Refining Co., 231 Pa. 8, 79 A. 814; Hamlin v. Durham, 235 Ky. 842, 32 S.W.2d 413.
In Pruett v. Dayton, supra, it was contended that a garbage dump, as operated, was a nuisance. Though the complaint was with respect to an existing condition, this court said: "The things of which plaintiffs complain as being in existence were admittedly observed and smelled while standing on the land-fill property. There is nothing in the record showing that the condition can be observed or that any substantial odor problems exists at the plaintiffs' properties. Nor is there anything to show that the operation of this dump has resulted in actually breeding vermin * * * which may find their way to plaintiffs' properties. This is a fear of the future." The Chancellor denied plaintiffs' motion for preliminary relief. Since, in this case, the refinery is not yet even in the process of construction, and the manner of its operation, when constructed, can not be foreseen, the allegations of the present complaint are even more clearly expressions of "fear of the future" than was the situation in the Pruett case. It is, of course, true that if and when construction of the refinery is completed it may be so operated as to constitute a nuisance. But, as already observed, the presumption is to the contrary.
*585 Plaintiffs contend that, in any event, the allegations of paragraph 8 of the complaint may not be dismissed on the present motion. They rely upon the opinion of the Chancellor in Macartor v. Graylyn Crest II Swim Club, Inc., Del. Ch., 173 A.2d 344, where the court held that the issue of deprivation of water supply could not there be resolved on a motion to dismiss. The Macartor case dealt with the rights of competing property owners with respect to subterranean waters. It was alleged that plaintiffs' well had been rendered dry due to defendant's pumping of subsurface waters for use in its swimming pool. There were "conflicting considerations involved" which the court determined could not be resolved upon the motion. I do not regard the Macartor case as applicable to the situation here presented. Plaintiffs there had actually lost their water supply. Here, plaintiffs' allegation is no more than a statement of apprehension of loss. It is clear that the injunctive process will not issue to allay mere apprehensions. Gray Company, Inc., v. Alemite Corporation, 20 Del.Ch. 244, 245, 174 A. 136. In my opinion the averments of paragraph 8 stand upon no different ground than the allegations of anticipatory nuisance.
Plaintiffs say that the present action is not premature because they "believe" that if they await the construction and operation of the refinery, which they contend will create a nuisance, they will be met in any action thereafter instituted by a defense of laches or unclean hands. I can see no merit to this contention. Plaintiffs are not presently subjected to any nuisance or deprivation of water. If and when they might be, in the future, so subjected, any prompt action taken by them could hardly be met by an assertion of laches. Nor is the fear of being charged with unclean hands a realism. Disposition of their claim on the present motion would certainly render such a defense inappropriate.
I am satisfied that count two of plaintiffs' complaint prematurely asserts causes of action which are mere apprehensions.
The motion to dismiss count two of the complaint is granted. Order on notice.