Edward O. **GOODRICH**, on behalf of himself and all others similarly situated, Plaintiff,

v.

**E.F. HUTTON GROUP, INC.** and **E.F. Hutton and Company, Inc.,**
Defendants.

Civ. A. No. 8279.

Court of Chancery of Delaware,
New Castle County.

Submitted: Sept. 24, 1987.
Decided: Jan. 21, 1988.

John C. Phillips, Jr. of Phillips & Snyder, Wilmington, of counsel: Richard D. Greenfield, C. Oliver Burt, III, and Alfreda L. Verratti of Greenfield & Chimicles, Haverford, Pa., for plaintiff.

Allen M. Terrell, Jr., and Gregory C. Varallo of Richards, Layton & Finger, Wilmington; of counsel: Thomas F. Currin, John R. Vaughan, Patricia Farren, and David S. Smith of Cahill, Gordon & Reindel, New York City, for defendants.

HARTNETT, Vice Chancellor.

Plaintiff brought this purported class action alleging fraud and other related state law claims against the defendants, E.F. Hutton Group, Inc., and E.F. Hutton and Company, Inc., ("Hutton") and he sought injunctive relief and damages. The purported class consists of those Hutton customers "who received funds from Hutton ... by means of checks drawn on accounts maintained by Hutton located more than 500 miles from the Hutton office with which the customer transacted business." Hutton filed a motion to dismiss all of plaintiff's claims. The motion must be granted with respect to plaintiff's claims which are based on the doctrines of common law fraud, conversion, breach of contract or the Delaware Consumer Fraud Act. The motion to dismiss the breach of fiduciary duty claim, however, must be denied.

## I

Plaintiff alleged in his complaint that a practice of Hutton in paying its brokerage customers with checks drawn on geographically remote banks constituted fraud, conversion, breach of contract, breach of the fiduciary obligation of a agent and a violation of the Delaware Consumer Fraud Act, 6 *Del.C.* §§ 2511–2526. Plaintiff asserted that Hutton employed this practice in order to intentionally delay the receipt by customers of their funds which, in turn, benefitted Hutton by providing additional days for accumulation of interest in Hutton's bank accounts.

In support of its motion to dismiss Hutton argues that the complaint fails to allege any facts which, if true, would constitute fraud and that it also fails to state a claim for breach of the fiduciary duty owed by an agent to its principal, breach of contract, conversion, or a violation of the Delaware Consumer Fraud Act.

Simultaneously, Hutton alternatively moved to stay this proceeding until after the resolution of another putative class action brought in the United States District Court for the Southern District of New York. The request for a stay, however, is now moot because of the District Court's decision in *In Re E.F. Hutton Banking Practices Litigation,* S.D.N.Y., 663 F.Supp. 123 (1987). In that decision the Federal Court granted Hutton's motion to dismiss, finding no "colorable allegation of misrepresentation, omission or deceptive conduct of any kind" and that, "absent some allegation of deceptive conduct, an averment of fraud cannot withstand a motion to dismiss." *Id.,* at 125–26.

## II

For the purpose of a motion to dismiss in this court, all well-pleaded factual allegations contained in the complaint must be taken as being admitted. *Del. State Troopers Lodge, Etc. v. O'Rourke,* Del.Ch., 403 A.2d 1109 (1979); *McQuail v. Shell Oil Co.,* 40 Del.Ch. 410, 183 A.2d 581, 583 (1962). And, as stated in *Jefferson Chemical Co., Inc., v. Mobay Chemical Co.,* Del. Ch., 253 A.2d 512, 516 (1969), "the com-

plaint may not be dismissed by the Court unless it appears to a reasonable certainty that plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim." (Citations omitted).

These principles, however, "do not excuse a party from pleading facts which fairly apprise his adversary as to the acts which are relied upon. Defendant is entitled to have facts stated to which he can fairly plead." *Id.*

Moreover, conclusions of law or fact will not be assumed to be true without specific allegations of fact which support the conclusion. *Weinberger v. UOP*, Del.Ch., 409 A.2d 1262, 1264 (1979); *Bergstein v. Texas Intern. Co.*, Del.Ch., 453 A.2d 467, 469 (1982).

### III

First to be considered are the plaintiff's allegations asserting the commission of a common law fraud.

The United States District Court for the Southern District of New York dismissed the fraud allegations which were based upon the same practices of Hutton challenged in this suit. If a class had been certified in the Federal District Court action and if the case had been dismissed in response to a motion for summary judgment, the doctrine of *res judicata* would have barred the maintenance of the fraud action in this court and would also probably have barred the other claims as well. *Maldonado v. Flynn*, Del.Ch., 417 A.2d 378 (1980). The Federal Court decision, however, does not act as *res judicata* to this dispute because no class was ever certified by the District Court. *Roberts v. American Airlines*, 7th Cir., 526 F.2d 757, 762–763 (1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

■ I find however that, as in the District Court, no proper allegation of fraud has been plead because no facts have been alleged, which if true, would constitute misrepresentation, omission or deceptive conduct. It is clear from the complaint that the checks sent to the customers of Hutton identified the name and location of the drawee bank and that Hutton had been sending these checks since at least July 1, 1980. For five years prior to commencement of this suit, therefore, the customers were aware, or should have been aware, of the distant location of the drawee banks and they had an opportunity to terminate their relationship with Hutton. The factual allegations, therefore, if true, could not support any inference of a claim of fraud and the claims based on deception must be dismissed here, as they were in the District Court.

### IV

■ The plaintiff in the present suit also claims that Hutton violated the Delaware Consumer Fraud Act, 6 *Del.C.* §§ 2511–2526. This claim must also be dismissed because the plaintiff has failed to allege any facts which, if true, could infer any unfair or deceptive practice occurring in part or wholly within this State.

The purpose of the Delaware Consumer Fraud Act is to protect the consumers of Delaware from acts occurring within this state:

"The purpose of this subchapter shall be to protect consumers and legitimate business enterprises from unfair or deceptive merchandising practices in the conduct of any trade or commerce in part or wholly within this State."

6 *Del.C.* § 2512.

This purpose is further evidenced by 6 *Del.C.* §. 2522 which states:

"Whenever it appears to the Attorney General that a person has engaged in, is engaging in, or is about to engage in, practices declared by this subchapter to be unlawful, he may institute an action in the Court of Chancery to enjoin such person from engaging in or continuing such practices or doing any acts in furtherance thereof. The complaint shall state the nature of the conduct constituting a violation of this subchapter and the relief sought thereunder. Service shall be obtained in accordance with § 2514 of this title. *Such action shall be brought in the Court of Chancery of any county*

*in which the alleged unlawful practice has been, or is to be partially or completely, performed.”* (Emphasis added.) Relief, therefore, can be granted under the Act only as to those unlawful practices occurring or performed partly or wholly within Delaware.

I recognize that other courts have extended their consumer fraud statutes to protect nonresident consumers. *Kugler v. Haitian Tours, Inc.,* 120 N.J.Super. 260, 293 A.2d 706 (1972); *Brown v. Market Development, Inc., et al.,* 41 Ohio Misc. 57, 322 N.E.2d 367 (1974). In both of those cases, however, the record showed that the deceptive conduct originated in the forum state and the statutes in question did not impose the limitations contained in the Delaware Act.

The plaintiff in the present case has not alleged any facts which, if true, could constitute unfair or deceptive conduct occurring within Delaware. He alleges only one connection between Hutton and Delaware: that Hutton “actively conducts business” here. There are no allegations, however, that any Delaware customer received any checks from Hutton, that any Delaware bank account was involved or that any E.F. Hutton branch office was located in Delaware. Because no transaction occurred in Delaware, the Delaware Consumer Fraud Act cannot apply. The plaintiff's claims based on the Delaware Consumer Fraud Act therefore must be dismissed.

## V

■ The plaintiff next alleges that the Hutton practice of paying customer accounts from geographically remote banks constitutes a conversion of money owed to the customers.

Generally, the necessary elements for a conversion under Delaware law are that a plaintiff had a property interest in the converted goods; that the plaintiff had a right to possession of the goods; and that the plaintiff sustained damages. See *Facciolo Construction Co. v. Bank of Delaware,* Del.Supr., 514 A.2d 413 (1986), *aff'd on order.* No Delaware court has apparently

recognized a cause of action for conversion of money, as opposed to goods.

In other jurisdictions which have addressed this issue, the general rule has been that an action for conversion will not lie to enforce an obligation to pay money or for money had and received for payment of a debt. See *United States Fidelity & Guaranty Co. v. Bass,* 5th Cir., 619 F.2d 1057, 1061 (1980). Money is subject to conversion only when it can be described or identified as a specific chattel, but not where an indebtedness may be discharged by the payment of money generally. *Gronberg v. York,* Tex.Civ.App., 568 S.W. 2d 139 (1978); *Wood Industrial Corp. v. Rose,* 271 Or. 103, 530 P.2d 1245 (1975); *Belford Trucking Co. v. Zagar,* Fla.App., 243 So.2d 646 (1971).

The alleged converted property is money, not a trunk, as in *Van Dyke v. Pennsylvania R.R. Co.,* 46 Del. 529, 86 A.2d 346 (1952); or specific equipment, as in *Addalli v. Mazzella, et al,* Del.Super., C.A. No. 84C–MR–63, Poppiti, J. (Jan. 29, 1987); or identified cars, as in *Blake v. Town of Delaware City,* D.Del., 441 F.Supp. 1189 (1977); or specific stock certificates, as in *Mastellone v. Argo Oil Corp.,* 46 Del. 102, 82 A.2d 379 (1951), and *Drug, Inc. v. Hunt,* 35 Del. 339, 168 A. 87 (1933).

The rule therefore is that an action for conversion of money will lie only where there is an “obligation to return the identical money” delivered by the plaintiff to the defendant. *Lyxell v. Vautrin,* 5th Cir., 604 F.2d 18 (1979).

The plaintiff alleges that Hutton converted moneys through the accrual of interest on a “float”. There is no allegation that any specific money was delivered to the defendant and that the defendant had any obligation to return the identical money. There being no such allegation, plaintiff's claims based on conversion must be dismissed.

## VI

■ The plaintiff also asserts that Hutton breached a contract by paying customer accounts from geographically remote banks. In order to successfully plead a

breach of contract, however, the aggrieved party must allege the making of the contract, the obligation thereby assumed, and the breach. 61A AM.JUR.2d, *Pleadings* § 89, citing, *Mayor, etc. of Ensley v. J.E. Hollingsworth & Co.*, 170 Ala. 396, 54 So. 95 (1909); WRIGHT & MILLER, *Federal Practice and Procedure:* Civil § 1235.

Merely pleading that a breach of contract occurred, without alleging the existence of the contract, is not sufficient to state a valid claim. *American Insurance Co. v. Material Transit, Inc.*, Del.Super., 446 A.2d 1101 (1982). In that case the defendant sought third party indemnification but the third party complaint failed to allege the existence of an indemnification contract, or any obligation arising out of a contract, if one existed. The Superior Court dismissed the third party complaint finding that no contract had been alleged, nor could one be inferred from the factual allegations.

Plaintiff did not allege in his complaint the formation of a contract. Paragraph 35 obliquely indicates the existence of some business relationship:

35. Defendant Hutton impliedly warranted and agreed to timely remit to plaintiff and the Class any and all monies due and owing to them for sales of securities, bond redemptions, dividends and interst [sic] payments and other matters.

Further, it would be sheer speculation to infer the existence of contract terms prohibiting the payment of customer accounts from geographically remote banks from the allegations in paragraph 35. 61A Am. Jur.2d., *Pleadings* § 92, citing, *Murphy v. Hanna*, N.D.Supr., 164 N.W. 32 (1917); *Robinson Consolidated Min. Co. v. Johnson*, 13 Col. 258, 22 P. 459 (1889). Because no facts are alleged which, if true, could permit me to infer that a contract came into being or that, if it did, it prohibited the challenged acts, the claim of a breach of contract must be dismissed.

## VII

■ Plaintiff's final allegations are that Hutton, as the agent of its customers, breached a fiduciary duty to the plaintiff class by the payment of customers from geographically remote banks.

Paragraph 31 of the complaint states:

"31. Defendant Hutton acted as investment advisors and brokers and agents for plaintiff and the Class and, as such, owed certain legal and fiduciary duties to them. These duties included, without limitation, the duty of loyalty, the duty of an agent not to place himself in a position where his self-interest conflicts with his duty of loyalty to the principal; the duty to promptly and fully inform the principal of all information pertinent to the principal's interests and the terms of the agency; and the duty of a fiduciary not to abuse a fiduciary relationship and not to prefer his interests to those whose interests he serves."

Hutton concedes that a fiduciary relationship exists between a broker and its customer. *New York Stock Exchange v. Pickard & Company*, Del.Ch., 274 A.2d 148 (1971). See also *Gilman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 93 Misc.2d 941, 404 N.Y.S.2d 258 (1978). Hutton argues, however, that the scope of the fiduciary duty varies depending upon the terms of the agreement setting forth the broker's responsibility. It further asserts that because there is no allegation of the terms of any agency contract, the scope of the agency is undefined and the complaint therefore fails to state a claim upon which relief can be granted.

I agree that the complaint fails to set forth the scope of the agency. On a motion to dismiss, however, great deference must be given to a plaintiff's allegations and a plaintiff is entitled to any inference which can be reasonably derived from the factual allegations. At this preliminary stage, I cannot say with reasonable certainty that the plaintiff would not be entitled to relief on the breach of fiduciary duty claim under any state of facts which he could prove in support of this claim. See *Jefferson Chemical Co., Inc.*, supra.

Unlike the dismissed breach of contract claim, the agency claim alleges a recog-

nized cause of action with each element of a broker's fiduciary duty sufficiently plead.

## VIII

In summary, I grant Hutton's motion to dismiss as to the fraud, conversion, contract and consumer fraud claims but deny the motion to dismiss as to the breach of fiduciary claim.

IT IS SO ORDERED.