**Adolph LONY, Plaintiff,**

v.

**E.I. du PONT de NEMOURS AND COMPANY, INC., Defendant.**

**Civ. A. No. 88–320–JJF.**

United States District Court, D. Delaware.

May 24, 1993.

Richard K. Herrmann, of Bayard Handelman & Murdoch, Wilmington, DE, Paul F. Doyle, of Kelley Drye & Warren, New York City, for plaintiff.

William H. Sudell, Jr., Donald F. Parsons, Jr., Luke W. Mette, and Christine M. Hansen, of Morris Nichols Arsht & Tunnell, Wilmington, DE, for defendant.

## OPINION

FARNAN, District Judge.

### I.  INTRODUCTION

Plaintiff, Adolf Lony ("Lony") brought this action against Defendant, E.I. du Pont de Nemours ("DuPont") asserting nine grounds for relief, all based on alleged misrepresentations. By way of Order dated May 19, 1993, the Court granted Lony's Motion to Amend the Complaint thereby permitting two of the

stated causes of action to be removed.[1] Du-Pont has moved for summary judgment as to several of the Counts and partial summary judgment as to others. For the reasons discussed, DuPont's Motion will be granted in part and denied in part.

## II. BACKGROUND

The Court assumes familiarity with the factual background of the dispute between Lony and DuPont as this case has been appealed twice to the Court of Appeals for the Third Circuit. See, Lony v. E.I. du Pont de Nemours & Co, 886 F.2d 628 (3d Cir. 1989); Lony v. E.I. du Pont de Nemours & Co, 935 F.2d 604 (3d Cir.1991). For purposes of the present motion, it is necessary to understand the allegations of each count of the Complaint.[2]

Count I of the Complaint, which is not subject to the instant motion, asserts that DuPont made intentional misrepresentations with regard to the relevant product. Count II alleges that Transparent Paper Ltd. ("TPL"), while acting as an agent for Du-Pont, made intentional misrepresentations to Lony. Count III alleges negligent misrepresentation on the part of DuPont. Count IV alleges that intentional misrepresentations on the part of TPL occurred. Lony contends these misrepresentations can be inferred to DuPont since they were made at the direction of DuPont or with DuPont's knowledge, consent and approval. Count V is a claim for breach of warranty. (See, fn. 1). Count VI claims a breach of contract on the part of DuPont and, as amended, specifically refers to a tacit information contract which is recognized under West German law. Count VII is a claim under the Delaware Consumer Fraud Statute, 6 Del.C. § 2513. Count VIII is a claim under Delaware's statute barring deceptive trade practices. 6 Del.C. § 2532(a)(5), (7) & (12). Count IX claimed a breach of fiduciary duty. (See, fn. 1).

DuPont is seeking summary judgment as to Counts II and IV on the grounds that no agency was established nor could a reasonable jury find that an agency had been either expressly created or that TPL was acting under apparent authority. Count III, according to DuPont, is not cognizable under the choice of laws rulings already in place in this matter. Count V has been voluntarily abandoned by the plaintiff and will not be considered. DuPont contends the relief sought by Count VI is not available to plaintiff because there is no privity between the parties. DuPont claims Counts VII and VIII are not available to Lony because Lony lacks standing. Finally, Count IX has been voluntarily abandoned by the Plaintiff.

## III. MOTION FOR SUMMARY JUDGMENT

### A. The Standard

■ Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). If there is no genuine issue as to any material fact then the moving party is entitled to judgment as a matter of law. Id. An issue is "genuine" only if the evidence is such that a reasonable jury could find for the non-

1. This Motion for Summary Judgment was filed prior to the Motion to Amend and therefore references to Count numbers in this Memorandum Opinion will be to the Original Complaint. However, it should be noted that because of granting Lony's Motion to Amend, two of Du-Pont's challenges to the Plaintiff's case have been mooted. DuPont had moved for Summary Judgment on Count V (Breach of Warranty claims) and Count IX (Fiduciary Duty claims) both of which Lony has voluntarily removed from the action.

2. According to the United States Court of Appeals for the Third Circuit, the intentional misrepresentation claims were to be governed by West German law and the negligent misrepresentation claims were to be governed by Delaware law. Lony v. E.I. du Pont de Nemours & Co, 886 F.2d at 643. According to the Defendant, and there appears to be no dispute from the Plaintiff on this issue, Judge Roth found and the Third Circuit did not disagree that Lony's claims for breach of contract (Count VI) and breach of fiduciary duty (Count IX) were to be governed by West German law. Finally, again according to the defendant, still unresolved is what law will control the claims of consumer fraud and deceptive trade practice and what law will be followed to determine if an agency relationship existed.

moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Substantive law identifies which facts are "material" and only disputes over facts that "might affect the outcome of the suit under the governing law" will defeat summary judgment. *Id.*

The moving party need not affirmatively refute the elements; rather, they need only show the insufficiency of proof of those elements. *Houser v. Fox Theatres Management Corp.*, 845 F.2d 1225 (3d Cir.1988). When the moving party has discharged their burden, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)).

Any doubts that exist as to the existence of genuine issues of material facts are to be resolved against the movant. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 900 (3d Cir.), *cert. dismissed,* 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987). Moreover, all inferences are to be viewed in light most favorable to the non-movant. *Id.*

### B. Discussion

#### 1. Counts II and IV

DuPont contends that summary judgment must be granted in their favor on any count where an agency relationship between DuPont and TPL must be established. According to DuPont, regardless of whether West German or Delaware law is applicable to the question, summary judgment must be granted as there exists no material question of fact.

With respect to any express agency, DuPont points to their distributorship agreement with TPL as evidence that an express agency did not exist. Further, DuPont claims there is no evidence of express authority granted by DuPont to TPL or the ability to control TPL. Therefore, DuPont argues no express agency was created.

With respect to finding an agency relationship based on apparent authority, DuPont contends that TPL was not controlled by DuPont; TPL did not owe a fiduciary duty to DuPont; TPL did not have the power to alter the legal relations of DuPont; and DuPont never manifested to Lony that TPL had authority to act on behalf of DuPont.

Lony counters that DuPont's distributorship agreement cannot control this question and that whether an agency relationship was entered between DuPont and TPL is an issue replete with factual questions. Therefore, Lony contends summary judgment must be denied. According to Lony, they are not contending that DuPont and TPL had entered into a general agency relationship, but rather TPL had implicitly been given limited authority to forward DuPont's representations about its products. Lony also contends that an agency relationship could be found based on DuPont's acquiescence to TPL relating product information to Lony; that DuPont ratified the agency relationship by standing by the information conveyed by TPL to Lony regarding the product.

On the factual record established in this case, it is clear that no express general agency was created between DuPont and TPL. There was no agreement nor manifestation of intent that TPL would represent DuPont as a general agent in dealing with customers. On the contrary, there was an express limitation of such a relationship within the contract governing the distributorship by TPL of DuPont products.

However, the failure of DuPont to object to the representations made by TPL to Lony in light of the inquiries by Lony could permit a reasonable jury to find that a limited agency relationship had been created for purposes of conveying product information. The question of whether an agency relationship was created in this case is a mixed question of law and fact and the jury must be given the opportunity to review the evidence to determine if DuPont, through their silence, implicitly created a limited agency relationship with TPL.

Further, DuPont's action of standing by the earlier representations made by TPL to Lony may have acted to ratify those statements and raises a genuine issue of material fact as to whether a limited agency relation-

ship existed. A reasonable jury could find that DuPont ratified TPL's actions and a limited agency relationship resulted.

Because genuine issues of material fact exist as to the issue of whether an agency relationship was created, DuPont's motion for summary judgment as to Count II and Count IV must be denied. Further, to the extent that DuPont's motion for partial summary judgment as to other counts rests on the question of an agency relationship, it too must be denied.

### 2. Count III—Negligent Misrepresentation

■ The parties agree that Count III is governed by West German Law. DuPont contends that under § 823 of the West German Civil Code economic recovery is not possible unless the plaintiff can meet one of the two criteria set out in subsections 1 and 2 of section 823. According to DuPont, Lony fails to fulfill any of the delineated areas of injury provided by § 823(1) and therefore that section cannot be the basis for recovery. DuPont argues that subsection 2 provides for economic recovery only if the injury was the "consequence of a violation of a protecting statute, or the requirements of the specific provisions of Sections 824, 826, 839." Docket Item ("D.I.") 150, p. 23 *citing* Judgment of March 20, 1919, RGZ 95, 173.

Lony argues that their claim is premised on a violation of section 826 of the German Civil Code and therefore recovery is warranted. According to Lony, two things must be shown under § 826: (1) behavior contrary to public policy; and (2) willful causation of damages. With respect to the willful causation of damages, Lony argues that conditional willfulness is sufficient and they are able to meet this standard.

DuPont counters that if Lony seeks relief based on a showing of a violation of § 826, Lony is barred because of the determination of the Court of Appeals for the Third Circuit that Delaware law controls intentional misrepresentations, while German law governs negligent acts. According to DuPont, be-cause § 826 requires a showing of intent with respect to damages, even though conditional willfulness is sufficient, Lony cannot pursue this cause of action under West German law.

The Court concludes that summary judgment is appropriate with respect to Count III. The Court of Appeals made clear that all claims involving any alleged intentional conduct are governed by Delaware law. It does not matter what element of a relied upon statute the intent relates, Lony is bound by the earlier decision of the Third Circuit with respect to what law will control. Because a showing of intentional conduct is a necessary element under § 826 [3], summary judgment must be granted.

### 3. Count VI—Breach of Contract

■ Lony claims that existence of a tacit information contract, which is recognized under West German Law, can be established in this case. DuPont contends that such a claim is not available to Lony because Lony's theory is nothing more than an attempt to disguise a breach of warranty claim. According to DuPont, none of the cases cited by Lony involve a manufacturer and distributor relationship and, at a minimum, Lony must show privity for this theory to be available for recovery.

Lony contends that as opposed to § 826 where some intent must be shown, recovery based on a tacit information contract is possible on a showing of mere negligence. According to Lony, even if the information is not provided directly to the injured party, as long as the provider of the information knows the information is destined for a third party, recovery is available.

The Court concludes that the tacit information contract theory of recovery is unavailable to Lony under the facts of this case. There are two factual distinctions between the cases where such a recovery has been permitted and the present case. First, all of the cases where recovery was permitted, the relationship of the parties was based on the communication of information, not on the sale

---

3. The Court recognizes that the level of intent is somewhat diminished by the plaintiff needing only to show conditional willfulness, however, this still requires a showing of some level of intent and certainly more than negligence.

of goods where the communication of information was incidental to that sale. Second, all of the cases cited were used to hold the person, who had acted as a conduit in the communication of the information, liable for carelessly or negligently permitting the information to be communicated. None of the cases held the source of the allegedly erroneous information liable.

In the instant case, the parties' relationship was not based on the communication of information, but rather on the sale of goods. The communication was not the type where liability has been found to attach under German Law.

### 4. Count VII—Delaware Consumer Fraud

■ DuPont contends that Lony's claim under Delaware's Consumer Fraud statute, 6 Del.C. §§ 2511 *et seq.*, is subject to summary dismissal for two reasons. First, DuPont argues Lony is a citizen of Germany, and Delaware's statute was enacted to protect only residents of Delaware. Thus, DuPont contends Lony lacks standing. Second, DuPont asserts a requirement for recovery under the Delaware Consumer Fraud statute is that the misrepresentation be made "in connection with the sale of merchandise". Here, DuPont contends, the sale occurred prior to any alleged act of misrepresentation, so it cannot be said that it occurred "in connection with."

Lony argues that the conduct (misrepresentation) is what must take place within the state, and the injured party need not be a resident of Delaware. Lony contends that the Third Circuit held the "in connection with" requirement could include after sale misrepresentations and, therefore, summary judgment is not proper.

The Court concludes that Lony has standing to seek relief under the Delaware statute. The Consumer Fraud statute states:

The purpose of this subchapter shall be to protect consumers and legitimate business enterprises from unfair or deceptive merchandising practices in the conduct of any trade or commerce *in part or wholly within this State.* It is the intent of the General Assembly that such practices be swiftly stopped and that this subchapter shall be liberally construed and applied to promote its underlying purposes and policies.

6 Del.C. § 2512 (1988) (emphasis added). If the Court were to accept DuPont's proposition that only Delaware residents are afforded the protections of the Consumer Fraud statute, the construction mandated by the Delaware General Assembly would be lost. In today's business world, consumers come from different areas to transact business within any given state and the Delaware statute speaks to the protection of these consumers, not merely consumers residing in Delaware.

The case of *Goodrich v. E.F. Hutton Group, Inc.*, 542 A.2d 1200 (Del.Ch.1988), cited by DuPont is not contrary to this view. There, the complaint was dismissed because there was no allegation of any connection with Delaware that would permit the Court to conclude that the consumer came under the intent of the statute. *Id.* at 1203. In dismissing the complaint, the Court stated:

I recognize that other courts have extended their consumer fraud statutes to protect nonresident consumers. In both of those cases, however, the record showed that the deceptive conduct originated in the forum state and the statutes in question did not impose the limitations contained in the Delaware Act.

The plaintiff in the present case has not alleged any facts which, if true, could constitute unfair or deceptive conduct occurring within Delaware. He alleges only one connection between Hutton and Delaware: that Hutton "actively conducts business" here. There are no allegations, however, that any Delaware customer received any checks from Hutton, that any Delaware bank account was involved or that any E.F. Hutton branch office was located in Delaware. Because no transaction occurred in Delaware, the Delaware Consumer Fraud Act cannot apply.

*Id.* Here, unlike in *Goodrich*, there is a sufficient connection to the State of Delaware that would provide standing to pursue this action. First, DuPont regularly conducts business in the State of Delaware and, sec-

ond, the alleged misrepresentation commenced in Delaware. Thus, the Court concludes that the residence of the injured party is not dispositive, although it may be a factor in the jury's consideration.

■ In addition, the Court also finds that there is a factual dispute regarding whether or not the statements made by DuPont were "in connection with the sale of merchandise." It seems clear that an after sale statement may be viewed as "in connection with the sale of merchandise." Although such after the sale statements may be the exception rather than the rule, the Court concludes that a misrepresentation made after the sale may be found by a trier of fact to be "in connection with the sale."

### 5. Count VIII—Delaware Unfair Trade Practices

■ DuPont contends that the issues presented in this action do not fall under the purview of the Delaware Unfair Trade Practices statute. As a preliminary matter, DuPont again alleges that Lony lacks standing to pursue this claim. DuPont also argues that the Delaware statute speaks to unfair competition and none is present here. DuPont asserts it did not try to sell their product on the reputation of another. Finally, DuPont contends that the Delaware law speaks to a pattern of deceptive conduct not isolated events of fraud, and therefore the statute is inapplicable.

Lony argues that the prior court holdings in this case make the Delaware statute applicable to this case. Lony argues it has standing as a consumer under the act. Further, Lony contends there is no need for competition between the parties or for a pattern to be established for recovery to be permitted. Lony also contends that treble damages are available in this case without seeking injunctive relief.

The Court finds the case Whaley v. Holcomb & Salter, 622 A.2d 655 (Del.Super.1993), helpful. Whaley was decided after the completion of briefing on the present motion for summary judgment. The Court is persuaded that two holdings in Whaley are controlling in the present controversy. The Delaware Superior Court held that unless a consumer had standing to seek injunctive relief, they do not have standing to seek a remedy under the Delaware Deceptive Trade Practices act. Id. at 659. Second, the Court held that unless a plaintiff sought an injunction, treble damages is not available. Id. at 661.

These two rulings in Whaley lead the Court to the conclusion that summary judgment is appropriate in this case. Lony could not seek injunctive relief nor have they attempted to seek such relief. Thus, applying the principles of Whaley, Lony lacks standing to seek relief under the Delaware statute. Likewise, Lony's claim for treble damages, as the Superior Court made clear, is unavailable to a plaintiff in circumstances such as those present here and, therefore, summary judgment must be granted to DuPont.

### IV. CONCLUSION

For the reasons discussed, DuPont's Motion for Summary Judgment will be denied as to Counts II, IV and VII, however, summary judgment will be granted as to Counts III, VI and VIII. Counts V and IX are no longer a part of the action pursuant to the plaintiff's Motion to Amend the Complaint. Thus, this action will proceed to trial on Counts I, II, IV and VII as pled in the original Complaint.

An appropriate Order will be entered.