# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

SHARON DEFRANCO, )
)
      Plaintiff, )
)
      v. )      C.A. No. 15C-01-158-JRJ
)
JOAN PORDHAM, )
)
      Defendant. )

## ORDER

**AND NOW TO WIT,** this 11th day of August, 2015, upon consideration of Defendant's Motion to Dismiss pursuant to Delaware Superior Court Civil Rules 12(b)(1) and 12(b)(6), Plaintiff's Response to Defendant's Motion to Dismiss, and Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, **IT APPEARS THAT:**

1. Sharon DeFranco ("Plaintiff") and Joan Pordham ("Defendant") are sisters.[1] Their father, Oliver Ennis Pordham, died on April 20, 2012, and his Last Will and Testament ("Will") named Defendant as the personal representative of the estate.[2]

2. According to Plaintiff, "[p]ursuant to Article 2 of the Will, Plaintiff was to receive the sum of $300,000, and the residuary (Article 3 of the Will) would

---

[1] Compl. ¶ 3 (Trans. ID. 56640049).
[2] *Id.* ¶ 2.

1

pass to the Defendant."[3]  On December 1, 2014, Plaintiff filed the underlying Complaint against Defendant asserting claims for conversion and breach of fiduciary duty.  Plaintiff alleges that Defendant impermissibly failed to distribute the specific bequest of $300,000 to Plaintiff and, instead, kept the $300,000 for her own benefit in contravention of their father's intentions as expressed in the Will.[4]

3.  On February 26, 2015, Defendant filed the instant Motion to Dismiss.[5] Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's claim for conversion because the true nature of the claim seeks the distribution of a specific bequest under a will, over which the Delaware Court of Chancery has jurisdiction.[6]  Further, Defendant asserts that Plaintiff's claim for conversion must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted because the claim only seeks monetary relief.[7]  Defendant also argues that this Court must dismiss Plaintiff's claim for breach of fiduciary duty because the Court of Chancery has exclusive jurisdiction over fiduciary matters.[8]

---

[3] *Id.* ¶ 4.
[4] *Id.* ¶¶ 4–6.
[5] Defendant's Motion to Dismiss the Complaint (Trans. ID. 56834966).
[6] *Id.* ¶¶ 3–7.
[7] *Id.* ¶¶ 12–16.
[8] *Id.* ¶ 11.

2

4. When considering a Motion to Dismiss under Rule 12(b)(6), the Court must assume that all well-pleaded facts in the Complaint are true.[9] The Court will not dismiss an action if the plaintiff would be entitled to relief "under any reasonably conceivable set of circumstances."[10] Although the pleading threshold in Delaware is low, "[a]llegations that are merely conclusory and lacking factual basis, however, will not survive a motion to dismiss."[11] In deciding whether the Superior Court has subject matter jurisdiction, "the Court must look beyond the language of the complaint to determine the true nature of the claim and the desired relief."[12]

5. The Court of Chancery "has jurisdiction over the distribution of assets of the estates of decedents."[13] Plaintiff argues, however, that this Court has jurisdiction over her claims because, under 12 *Del. C.* § 3101, a plaintiff may maintain an action at law to recover from an executor who has failed to distribute a legacy.[14] According to 12 *Del. C.* § 3101:

---

[9] *Cornell Glasgow, LLC v. La Grange Props., LLC*, 2012 WL 2106945, at *7 (Del. Super. 2012).
[10] *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).
[11] *Brevet Capital Special Opportunities Fund, LP v. Fourth Third, LLC*, 2011 WL 3452821, at *6 (Del. Super. 2011).
[12] *Mehiel v. Solo Cup Co.*, 2007 WL 901637, at *2 (Del. Super. 2007). *See also Willis v. PCA Pain Ctr. of Virginia, Inc.*, 2014 WL 5396164, at *3 (Del. Ch. 2014).
[13] 12 *Del. C.* § 2331; *Bowen v. Wise-Bowen*, 2009 WL 3588533, at *2 (Del. Ch. 2009); *Cummings v. Estate of Lewis*, 2013 WL 979417, at *5 (Del. Ch. 2013).
[14] Plaintiff's Response to Defendant's Motion to Dismiss the Complaint ¶ 10 (Trans. ID. 57180666).

An action at law may be maintained against an executor or administrator for a legacy or distributive share that is due. Assets in the executor's or administrator's hands to pay a legacy shall create a legal liability and raise a consequent promise to pay it. If there are not sufficient assets to pay the whole legacy, a part may be recovered. If the delivery of a specific legacy has been refused, the value of it may be recovered by an action at law.

6. The Court of Chancery has explained that, "[a]lthough 12 *Del. C.* § 3101 creates a legal remedy against an administrator for a distributive share that is due, that provision is merely a concurrent remedy to the traditional proceeding in equity."[15] Paragraph 8 of the Complaint states, "Defendant has unlawfully taken $300,000 from the Estate of Oliver Ennis Pordham in contravention of the Will." Paragraph 9 states, "Plaintiff seeks recovery of the $300,000 rightfully owed to her." Moreover, Plaintiff requests "an accounting of the Estate."[16] Plaintiff's claim for conversion relates to the distribution of assets of her father's estate and, therefore, this Court lacks jurisdiction.

7. Even if this Court has jurisdiction, Plaintiff's claim for conversion fails to state a claim upon which relief can be granted. Delaware law does not recognize a cause of action for the conversion of money.[17] Paragraph 9 specifically states,

---

[15] *Bowen*, 2009 WL 3588533, at *2 (citing *In Matter of Estate of Massello*, 1997 WL 89091, at *2 (Del. Ch. 1997)).
[16] *See* Compl. at 2.
[17] *Goodrich v. E.F. Hutton Grp., Inc.*, 542 A.2d 1200, 1203 (Del. Ch. 1988) ("No Delaware court has [ ] recognized a cause of action for conversion of money, as opposed to goods."). "Conversion is an 'act of dominion wrongfully exerted over the property of another, in denial of [her] right, or inconsistent with it.'" *Arnold v. Society for Savings Bancorp., Inc.*, 678 A.2d 533, 536 (Del. 1996) (quoting *Drug, Inc. v. Hunt*, 168 A. 87, 93 (Del. 1933)). A cause of action for

4

"Plaintiff seeks recovery of the $300,000 rightfully owed to her." Because Count I is based on the conversion of only money, Plaintiff fails to state a claim for conversion upon which relief can be granted.

8. Count II of the Complaint alleges that Defendant breached her fiduciary duty as the personal representative to the estate, and to Plaintiff as a beneficiary, for failing to distribute a specific bequest of money pursuant to the Will.[18] It is well-settled under Delaware law that breach of fiduciary duty is an equitable cause of action and, therefore, the Court of Chancery has exclusive jurisdiction over such a claim.[19] "This is true even where the remedy sought for the breach of fiduciary duty claim is money damages."[20] Accordingly, Count II for breach of fiduciary duty must be dismissed because this Court lacks subject matter jurisdiction.

**NOW THEREFORE,** Defendant's Motion to Dismiss the Complaint is **GRANTED.**

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge

---

conversion focuses on whether the claim relates to specific property and "distinguishes . . . between money and tangible goods." *Israel Discount Bank of New York v. First State Depository Co.*, 2013 WL 2326872, at *21 (Del. Ch. 2013) (internal citations omitted).

[18] Compl. ¶ 12.

[19] *See, e.g.*, *Reybold Venture Grp. XI-A, LLC v. Altantic Meridian Crossing, LLC*, 2009 WL 143107, at *2 (Del. Super. 2009).

[20] *Estate of Buonamici v. Morici*, 2009 WL 792390, at *2 (Del. Super. 2009).

5