## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

Dawn Curto,                          )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        Case No. CPU4-19-001955
                                     )
Joy Dixon,                           )
                                     )
            Defendant.               )

Submitted: July 23, 2020
Decided: September 17, 2020

Daniel C. Herr, Esq.                 John R. Weaver Jr., Esq.
Law Office of Daniel C. Herr         John R. Weaver., P.A.
1225 N. King Street, Suite 1000      831 N. Tatnall Street, Suite 200
Wilmington, DE 19801                 Wilmington, DE 19801
*Attorney for Curto/Plaintiff*       *Attorney for Dixon/Defendant*

## MEMORANDUM OPINION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**SMALLS, C.J.**

This matter is before the Court on Defendant Joy Dixon's (hereinafter "Dixon") Motion for Summary Judgment and/or to Dismiss.[1] Plaintiff Dawn Curto (hereinafter "Curto") brought this conversion action against Dixon to recover $30,000 Dixon allegedly wrongfully withdrew from a joint bank account held in the names of both parties. Dixon argues, inter alia, that Curto's complaint should be dismissed for failure to state a claim because Delaware does not recognize a cause of action for conversion of money where Curto is not able to establish the money taken out of the account belonged to her. Additionally, she alleges the Statute of Frauds bars Plaintiff from enforcing the alleged agreement. At the close of the hearing, the Court reserved decision.

## FACTUAL AND PROCEDURAL HISTORY

In September of 2017, Curto and Dixon opened a joint bank account at Wilmington Savings Fund Society (hereinafter "joint account"). According to Curto, although the joint account was in both parties' names, the parties understood and agreed that all funds therein belonged to Curto, Dixon was included as a signatory on the joint account purely for convenience purposes, and any withdrawal of funds required express authorization from Curto.[2]

---

[1] Although Dixon styles her brief as a motion for summary judgment, she raises the argument that Curto's claims should be dismissed for failure to state a claim for which relief can be granted. Because the Court finds this issue dispositive, it need not address Dixon's summary judgment arguments.

[2] Dixon denies the assertion that it was understood or agreed that all the money in the account belonged to Curto and that authorization was needed before Dixon made a withdrawal.

Soon after opening the account, Evan C. Postle, Curto's son and Dixon's grandson, asked Dixon to deposit his Social Security Disability proceeds, totaling $30,062 into her bank account. Dixon deposited the funds into the joint account she shared with Curto. Postle subsequently requested the return of his funds, and on April 27, 2018, Dixon electronically transferred $30,000 from the joint account to Postle.

This action commenced on May 14, 2019. Curto filed this conversion action against Dixon seeking the return of the $30,000. Curto alleges Dixon converted $30,000 from Curto by withdrawing the money from the joint account without prior authorization and refusing to return such. Dixon filed an answer denying there was an understanding that Curto owned all the funds in the joint account and denying that she was required to seek authorization before making a withdrawal. After the close of discovery, Dixon filed the instant motion.

On July 20, 2020, the Court held oral argument on the motion and took the matter under advisement. Both parties were afforded the opportunity to submit supplemental briefing regarding their respective positions. Although supplemental briefing was submitted, no new arguments were raised in the parties' respective briefs.

## PARTIES' CONTENTIONS

Dixon argues that Curto's claim must be dismissed because Delaware law bars a conversion action for money and there are no exceptions to this rule. Alternatively, Dixon argues Curto cannot establish she is the owner of the funds withdrawn from the account and that the Statue of Frauds bars Curto from enforcing the alleged agreement regarding control and withdrawal authorization of the joint account entitling Dixon to summary judgment.

Curto responds that her conversion claim falls within a narrow exception to the rule prohibiting conversion actions for money because she seeks return of "identical money" taken by Dixon. Further, Curto admits there is no formal contract and that the agreements and understanding she allege in her pleadings simply relate to an understanding as to the ownership of the funds in the account. Lastly, Curto argues that there is a dispute as to ownership of the funds in the account which raises an issue of material fact, therefore summary judgment is inappropriate at this stage of the proceeding.

## DISCUSSION

The issue before the Court is whether Plaintiff can pursue an action for conversion of money. Dismissal is appropriate only if "the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances

3

susceptible to proof."[3] In considering motions to dismiss, the Court must assume that all well-pled facts in the complaint are true.[4]

Conversion is defined as an "act of dominion wrongfully exerted over the property of another, in denial of his right, or inconsistent with it."[5] To prove conversion, a plaintiff must show: 1) That the plaintiff had a property interest in the converted property; 2) plaintiff had a right to possession of the property; and 3) defendant wrongfully possessed or disposed of the property as if it were their own.[6] Because Delaware law focuses on whether the conversion claim relates to "specific property,"[7] Delaware does not recognize a cause of action for the conversion of money.[8]

As Dixon correctly states, and contrary to Curto's argument, Delaware has not adopted an exception to the bar against conversion for money claims,[9] although many courts have entertained arguments under a narrow exception, adopted in other jurisdictions.[10] This exception allows an action for conversion of money where there is an "obligation to return the identical money" delivered by the plaintiff to the

---

[3] *Id.*

[4] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982).

[5] *Arnold* v. *Soc'y for Sav. Bancorp, Inc.*, 678 A.2d 533, 536 (Del. 1996) (citing *Drug, Inc.* v. *Hunt*, 168 A. 87, 93 (Del Supr 1933); *Sanirab Corp.* v. *Sunroc Corp.*, 2002 WL 1288732, at *4 (Del. Super. Ct. 2002).

[6] *Israel Disc. Bank of New York* v. *First State Depository Co., LLC*, 2013 WL 2326875, at *19 (Del. Ch. 2013), judgment entered, (Del. Ch. 2013).

[7] *Id* at *21.

[8] *DeFranco* v. *Pordham*, 2015 WL 4751217, at *2 (Del. Super. 2015).

[9] *Anschutz Corp.* v. *Brown Robin Capital, LLC*, 2020 WL 3096744, at *18 (Del. Ch. 2020) ("Delaware law has not formally recognized any exception to this rule…").

[10] *E.g. Stone & Paper Inv'rs, LLC* v. *Blanch*, 2020 WL 3496694, at *11 (Del. Ch. 2020).

4

defendant.[11] Assuming arguendo that the exception which Curto relies was adopted in Delaware, it would not support Curto's position. To meet this exception, a plaintiff must be seeking the return of money or currency "that could be described or identified as specific chattel"[12], such as numismatic coins.[13] However, this exception is not met when any currency can satisfy the obligation.[14] Curto's claim for conversion is based entirely on money electronically transferred from a joint bank account. Curto does not allege the funds to be specifically identifiable nor does Curto argue how such loss cannot be discharged by the payment of money generally. Therefore, I find that facts here fails to support a claim of conversion.

ACCORDINGLY, Dixon's motion for summary judgment is DENIED and Dixon's motion to dismiss is GRANTED without prejudice. Curto is given leave to file an amended complaint for a cognizable action within 20 days of this Order.

**IT IS SO ORDERED.**

_____

Alex J. Smalls,
Chief Judge

---

[11] *Goodrich* v. *E.F. Hutton Grp., Inc.*, 542 A.2d 1200, 1203 (Del. Ch. 1988); *Kuroda* v. *SPJS Holdings, L.L.C.*, 971 A.2d 872, 890 (Del. Ch. 2009).
[12] *Kuroda*, 971 A.2d 872, 890; *Xu Hong Bin* v. *Heckmann Corp*, 2009 WL 3440004, at *13 (Del. Ch. 2009) ("some jurisdictions recognize a narrow exception … where there is "an obligation to return the identical money delivered by the plaintiff to the defendant," because the money "can be described or identified as a specific chattel,"").
[13] *Israel Disc. Bank of New York*, 2013 WL 2326875, at *21 (Finding that rare coins or bullion constituted specific, identifiable, and tangible property).
[14] *Kuroda*, 971 A.2d 872, 890.